UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI,<br><br>Plaintiff,<br><br>v.<br><br>BAKTASH TEMORI, et al.,<br><br>Defendants. | Case No. 22-cv-04224-VKD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 19 |

Plaintiff Ahmad Mukhtar Faizi filed a "Verified Shareholder Derivative Complaint for Money Damages and Injunctive Relief," on behalf of nominal defendant Falafel Flame, Inc. ("Falafel Flame" or "company") against two of Falafel Flame's directors, Baktash Temori and Masoud Rustakhis, as well as a number of entities, including Falafel Flame restaurants in Dublin, Tracy, and Concord, California; several restaurants or entities named "Falafel Flame" in Fremont,[1] Hayward, Sunnyvale, San Jose, and Upland, California; and several "Blaze BBQ" entities.[2]

Defendants move pursuant to Rule 12(b)(6) and Rule 9 to dismiss the complaint for failure to state a claim for relief. Mr. Faizi opposes the motion. Upon consideration of the moving and responding papers, the Court denies defendants' motion to dismiss.[3]

---

[1] The entities allegedly operating unapproved "Falafel Flame" restaurants include "Falafel Flame Fremont." *See* Dkt. No. 1 ¶ 15. However, it is not clear whether there is an unapproved "Falafel Flame" eatery operating in Fremont, California  The complaint focuses on the four alleged unapproved restaurants in Hayward, Sunnyvale, San Jose, and Upland, California. *See* Dkt. No. 1.

[2] At Mr. Faizi's request, the Clerk of Court entered default against defendant Tolo Mediterranean, Inc. *See* Dkt. Nos. 18, 21.

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 22, 23, 29.

## I. BACKGROUND

According to the complaint, on November 20, 2019, Messrs. Faizi, Temori, and Rustakhis founded Falafel Flame to open a chain of restaurants under the trade name "Falafel Flame." Dkt. No. 1 ¶ 30. Messrs. Faizi, Temori, and Rustakhis each own 33.33% of the company. *Id*. ¶ 31. Additionally, Falafel Flame and Messrs. Faizi, Temori, and Rustakhis entered into a "Shareholders Agreement for Falafel Flame, Inc." ("Shareholders Agreement"), including terms for authorizing and approving future Falafel Flame restaurants. *Id*. ¶ 251 & Ex. F.

On September 8, 2020, Falafel Flame obtained a federally registered service mark, FALAFEL FLAME®. Dkt. No. 1 ¶¶ 32, 42 & Ex. D. As described by the purported registration certificate attached to the complaint, "[t]he mark consists of a stylized drawing of flames in orange and black, in an orange circle, above the words 'Falafel Flame' in orange letters with yellow outlining, all against a black background." *Id*., Ex. D. Further, the registration notes that "[t]he color(s) orange, yellow and black is/are claimed as a feature of the mark." *Id.* Additionally, the complaint alleges that Falafel Flame maintains trade secrets, including recipes; menu selection, size, position and orientation; a list of suppliers; operational cost data; business margins; and know-how for profitably operating a falafel restaurant. *See, e.g., id*. ¶¶ 95-99.

Messrs. Faizi, Temori, and Rustakhis opened Falafel Flame restaurants in Concord, Dublin, and Tracy, California. *Id*. ¶ 33. According to the complaint, each time the three partners opened a new Falafel Flame restaurant, they each signed a licensing agreement granting the newly formed restaurant a license to use the FALAFEL FLAME® mark and recipes in exchange for a monthly $1,000 royalty to be paid to Falafel Flame. *Id*.; *see also id*. ¶ 34 & Ex. B.

Mr. Faizi alleges that defendants used Falafel Flame's intellectual property, without proper authorization, to create and operate multiple competing falafel eateries. Around March 2021, Mr. Faizi says he discovered two new, unapproved restaurants operating under the "Falafel Flame" name in Sunnyvale and San Jose, California. *Id*. ¶ 35. In January 2022, he learned about two additional unapproved "Falafel Flame" restaurants in Hayward and Upland, California. *Id*. ¶ 36. These four restaurants allegedly were created by Messrs. Temori and Rustakhis, using the FALAFEL FLAME® mark and recipes. *Id*. ¶¶ 37, 53-57. Additionally, Messrs. Temori and

1   Rustakhis "failed and/or refused to grant [Mr. Faizi] any ownership" in these restaurants. *Id*. ¶ 48.
2   Messrs. Temori and Rustakhis allegedly also created a number of "Blaze BBQ" restaurants, which
3   use the FALAFEL FLAME® mark and recipes without proper authorization. *Id*. ¶¶ 38, 53-57 &
4   Ex. C.

5       Mr. Faizi says he made pre-suit demands upon Falafel Flame and defendants. *Id*. ¶ 63 &
6   Ex. E. The parties met on April 14, 2022 to discuss a pre-suit demand made on April 9, 2022, but
7   defendants allegedly failed to take timely action and the company's Board of Directors reportedly
8   has continued to ignore Mr. Faizi's further demands for action. *Id*. ¶¶ 63-64.

9       Concluding that further demands would be futile (*see id*. ¶ 65), Mr. Faizi filed the present
10  action on July 20, 2022. The complaint asserts 22 claims for relief, including derivative claims by
11  Mr. Faizi on behalf of Falafel Flame for trademark infringement under the Lanham Act, 15 U.S.C.
12  § 1114 (claim 1) and California law (claim 2); trademark dilution by blurring under California law
13  (claim 3); violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 (claim 4);
14  violation of the California Uniform Trade Secrets Act; (clams 5); intentional misrepresentation,
15  Cal. Civ. Code § 1709 (claim 7); negligent misrepresentation (claim 9); breach of fiduciary duties
16  (claims 11, 13); unfair competition, Cal. Bus. & Prof. Code § 17200 (claim 14); conspiracy (claim
17  15); conversion (claim 16); breach of contract (claims 18, 22); and fraudulent concealment (claim
18  21). The complaint also asserts direct claims by Mr. Faizi for violation of the California Uniform
19  Trade Secrets Act (claim 6); intentional misrepresentation (claim 8); negligent misrepresentation
20  (claim 10); breach of fiduciary duties (claim 12); breach of contract (claim 17); conspiracy (claim
21  19); and fraudulent concealment (claim 20). *Id*. ¶¶ 69-302.

22      Defendants move pursuant to Rule 12(b)(6) to dismiss all claims on the ground that they
23  are barred by the Shareholder Agreement. Additionally, defendants contend that Mr. Faizi's direct
24  claim against Messrs. Temori and Rustakhis for intentional misrepresentation (claim 8) must be
25  dismissed because the complaint fails to allege sufficiently specific facts to satisfy Rule 9(b).

26  **II.  LEGAL STANDARD**

27      A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal
28  sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

1  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts
2  alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901
3  F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be
4  taken as true and construed in the light most favorable to the claimant. *Id*.

5  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover,
7  "the court is not required to accept legal conclusions cast in the form of factual allegations if those
8  conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*
9  *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

10  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the
11  pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a
12  right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
13  (2007) (citations omitted).  However, only plausible claims for relief will survive a motion to
14  dismiss. *Iqbal*, 556 U.S. at 679.  A claim is plausible if its factual content permits the court to
15  draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.  A plaintiff
16  does not have to provide detailed facts, but the pleading must include "more than an unadorned,
17  the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

18  Documents appended to or incorporated into the complaint or which properly are the
19  subject of judicial notice may be considered along with the complaint when deciding a Rule
20  12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *Coto*
21  *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

22  **III. DISCUSSION**

23  **A.  Whether the Complaint's Claims Are Barred by the Shareholders Agreement**
24  Defendants contend that all of the complaint's claims, including Mr. Faizi's direct claims,
25  must be dismissed on the ground that section 12.01 of the Shareholders Agreement expressly
26  permits them to engage in competing activities and relieves them of any obligation to "to present
27  any investment opportunity or prospective economic advantage to [Falafel Flame], even if the
28  opportunity is of the character that, if presented to [Falafel Flame], could be taken by [Falafel

4

Flame]." Dkt. No. 1, Ex. F; *see also* Dkt. No. 19 at 5-8. Relatedly, defendants argue that section 12.01, in effect, means that Mr. Faizi has "waive[d] any and all rights and claims" he may have against Messrs. Temori and Rustakhis. Dkt. No. 1, Ex. F; *see also* Dkt. No. 19 at 9. Defendants acknowledge allegations that their competing activities are purported "interested director transactions" that violate section 12.02 of Shareholders Agreement, which requires, among other things, that "the members of the Board of Directors having no interest in such transaction approve the transaction in writing prior to its consummation." *See id*. ¶¶ 40, 41 & Ex. F; *see also* Dkt. No. 19 at 8-9. However, defendants argue that the complaint fails to "sufficiently identif[y] any 'transactions' to trigger any requirement that written approval by [Mr.] Faizi be obtained." Dkt. No. 19 at 8.

Defendants fail to persuade. Their arguments ignore the complaint's resounding theme that while defendants may compete with Falafel Flame, they cannot do so by infringing on the company's intellectual property. The complaint contains sufficiently detailed allegations that from November 20, 2019 to the present, defendants engaged in myriad self-dealing transactions to open competing restaurants, using the FALAFEL FLAME® mark and trade secrets without proper authorization. *See, e.g.,* Dkt. No. 1 ¶¶ 13-16, 18, 21-24, 26-29, 35-38, 47, 51, 52, 54, 55, 56, 70-71, 79, 81, 88, 90, 105, 120, 197, 203, 206, 212, 215-18, 221, 224, 233, 240-241, 246, 255, 267, 276, 278, 284. Nor have defendants demonstrated, on the present record at this stage of the proceedings, that the Shareholders Agreement must be construed or enforced in a way that precludes all claims asserted in the complaint.

As to this issue, defendants' motion to dismiss is denied.

**B.    Whether Mr. Faizi's Claim for Intentional Misrepresentation Satisfies Rule 9**

Mr. Faizi asserts a direct claim against Messrs. Temori and Rustakhis for intentional misrepresentation under California Civil Code § 1709, which concerns the tort of deceit and provides that "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Dkt. No. 1 ¶¶ 168-178. Defendants move to dismiss this claim, arguing that the complaint fails to plead supporting facts with the particularity required by Rule 9(b).

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996) (internal quotations and citation omitted). Rule 9(b) requires that for fraud-based claims "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations and citation omitted).

The complaint alleges that Messrs. Temori and Rustakhis "deliberately misrepresented their commitment not to use and disclose Falafel Flame's trade secrets and Service Mark, which [these defendants] had seen and agreed to keep confidential as signatories of numerous licensing agreements." Dkt. No. 1 ¶ 174; *see also id*. ¶ 170 ("[Messrs. Temori and Rustakhis] made these representations orally and/or impliedly through signing multiple licensing agreements between Falafel Flame and its licensees for the use of the Falafel Flame recipes, name, and logo."). Further, the complaint alleges that Messrs. Temori and Rustakhis "intentionally lied" in order to "keep the majority share of the equity in the [unauthorized competing falafel eateries] between themselves and to give their business partner [Mr. Faizi] no equity in the other businesses." *Id*. ¶ 173. Mr. Faizi says that he justifiably relied on these defendants' misrepresentations because defendants kept hidden from him their opening of other "Falafel Flame" restaurants using the FALAFEL FLAME® mark and trade secrets, which Mr. Faizi discovered through social media.

6

*Id.* ¶¶ 172, 175. According to the complaint, the alleged intentional misrepresentations were the cause of claimed losses, including lost equity in the other falafel businesses and lost licensing fees. As discussed above, the complaint details defendants' alleged unauthorized use of Falafel Flame's intellectual property. *See, e.g.,* Dkt. No. 1 ¶¶ 13-16, 18, 21-24, 26-29, 35-38, 47, 51, 52, 54, 55, 56, 70-71, 79, 81, 88, 90, 105, 120, 197, 203, 206, 212, 215-18, 221, 224, 233, 240-241, 246, 255, 267, 276, 278, 284. Defendants contend that allegations about undated "commitments" to protect trade secrets that they are alleged to have "impliedly" made through licensing agreements are too vague to satisfy Rule 9. For the reasons discussed above, the Court finds that the complaint's allegations are not merely conclusory and are sufficiently specific to give Messrs. Temori and Rustakhis notice of the alleged misconduct and defend against Mr. Faizi's intentional misrepresentation claim.

Defendants' motion to dismiss Mr. Faizi's direct claim for intentional misrepresentation is denied.

## IV. CONCLUSION

Based on the foregoing, defendants' motion to dismiss the complaint is denied.

**IT IS SO ORDERED.**

Dated: October 12, 2022

*[signature: Virginia K. DeMarchi]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge