UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI,<br><br>  Plaintiff,<br><br>  v.<br><br>BAKTASH TEMORI, et al.,<br><br>  Defendants. | Case No.  22-cv-04224-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART FEE APPLICATION**<br><br>Re: Dkt. No. 56 |

## I. BACKGROUND

On February 15, 2023, the Court granted in part and denied in part Mr. Faizi's motion for an order finding defendants in contempt of the Court's October 2022 preliminary injunction. Dkt. No. 54. In that order, the Court found that "Falafel Flame may recover reasonable attorney's fees and costs incurred in connection with the present motion for contempt," and set a briefing schedule for counsel's anticipated application for fees and costs. *Id*. at 9, 10-11.

Plaintiff's counsel timely submitted their application, seeking $11,660.50 in fees for work performed by the Emran Law Firm, $5,805.00 for work performed by the Law Office of Kenneth Seligson, and $494.28 in costs incurred by the Emran Law Firm. Dkt. No. 56. Although they were given an opportunity to respond, defendants have not filed any opposition or other response. Briefing is closed, and the matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b); *see also* Dkt. No. 54 at 11. Upon consideration of the papers presented, the Court grants the application in part and denies it in part.

## II. DISCUSSION

### A. Legal Standard

Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id*.

Preliminarily, the Court notes that the submitted timesheets indicate that the requested fees include work performed by several timekeepers other than Messrs. Emran and Seligson, identified by the initials "SN," "MC," and "AG." *See* Dkt. Nos. 56-1, 56-2. Counsel does not identify these timekeepers, much less provide any support for the hourly rates claimed for the work they performed. Accordingly, to the extent the present application seeks fees incurred for work performed by "SN," "MC," or "AG," the application is denied. The remainder of this order focuses on work performed by plaintiff's counsel of record, Harris Emran and Kenneth Seligson.

### B. Reasonable Hourly Rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum*, 465 U.S. at 896 n.11. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990).

1    The present application seeks fees based on a $250 hourly rate for Mr. Emran and for Mr.
2    Seligson. Although Messrs. Emran and Seligson say that their customary rate is $350/hour, they
3    have reduced their rate for their work on this particular case to $250/hour. *See* Dkt. No. 56 at 2;
4    Dkt. No. 56-1 ¶ 2; Dkt. No. 56-2 ¶ 3. Mr. Emran avers that he was admitted to the California bar
5    in December 2019 and has been practicing in the areas of business and intellectual property
6    matters. Dkt. No. 56-1 ¶ 2. Mr. Seligson says that he was admitted to the California bar in June
7    2019 and that his practice "involves litigating business disputes among shareholders and
8    businesses." Dkt. No. 56-2 ¶¶ 2, 3. Apart from their own attestations that they believe their fees
9    are reasonable (*see* Dkt. No. 56-1 ¶ 2; Dkt. No. 56-2 ¶ 3), neither Mr. Emran nor Mr. Seligson has
10   submitted any support for the reasonableness of their claimed hourly rate. Nor has the Court
11   found any decisions indicating that courts in this district have awarded Mr. Emran or Mr. Seligson
12   fees at the requested hourly rate. Nevertheless, decisions by other courts in this district suggest
13   that a $250 hourly rate is within the range of those prevailing in the community for similar
14   services by lawyers of reasonably comparable skill, experience and reputation. *See Stockfood*
15   *Am., Inc. v. Sequoia Wholesale Florist, Inc.*, No. 20-cv-03507-DMR, 2021 WL 4597080, at *8
16   (N.D. Cal. June 22, 2021) (observing that "[c]ourts in the Northern District of California generally
17   have determined that rates ranging from $225 to $600 are reasonable in an intellectual property
18   case.") (internal quotations and citations omitted); *Simon v. Maple Beach Ventures LLC*, No. 21-
19   cv-01005-PJH, 2021 WL 1907821, at * (N.D. Cal. May 12, 2021) (in business dispute, awarding
20   fees at $300 hourly rate for attorney with three years of experience).

### C.    Reasonable Hours

22   The party seeking fees "bears the burden of establishing entitlement to an award and
23   documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. "Where the
24   documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. at
25   433. A district court should also exclude from the lodestar fee calculation any hours that were not
26   "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary.
27   *See id*. at 433-34; *see also Chalmers*, 796 F.2d at 1210 ("Those hours may be reduced by the court
28   where documentation of the hours is inadequate; if the case was overstaffed and hours are

duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").

The Court has reviewed the respective timesheets submitted by Messrs. Emran and Seligson. For the most part, the hours claimed by Mr. Emran are reasonable; however, the Court finds that the following deductions are warranted: 0.3 hours (i.e., $75.00) for time spent on February 10, 2023 on a "[c]all w/SN & MD re: initial disclosures" (*see* Dkt. No. 56-1 at ECF 8), as it is not apparent that this activity represents fees incurred in connection with the motion for contempt. Similarly, there are several block billing entries, in which Mr. Emran bills time for a group of tasks, some of which appear to pertain to the contempt motion, and others that do not (namely, time spent working on a "discovery plan."). The Court deducts 0.1 hours ($25.00) from each of those entries as follows: January 3, 2023 entry for "Phone Meeting w/KS to discuss discovery plan, strategy for motion for contempt, research for sanctions"; January 4, 2023 entry for "Call w/KS re: motion and discovery"; and a February 20, 2023 entry for "Call with MC to discuss granted motion for contempt; discuss initial disclosures; discovery plan strategy." The Court also deducts 0.4 hours (i.e., $100) for time spent on January 13, 2023 on "[c]all w/KS meeting prep," as this entry is entirely generic and counsel have not met their burden to establish that any of that time was incurred in connection with the motion for contempt. The total fees awarded for work performed by Mr. Emran is $**6,212.50**.

With respect to Mr. Seligson, the hours claimed are also reasonable, with some exceptions. The Court deducts the following amounts for time spent reviewing the case management order and discussing mediation and discovery, as it is not apparent that those activities represent fees incurred in connection with the motion for contempt: 0.3 hours (i.e., $75.00) on November 27, 2022; 0.1 hours (i.e., $25.00) on November 28, 2022; 0.3 hours (i.e., $75.00) on January 5, 2023; 0.2 hours ($50.00) on January 10, 2023; 0.6 hours (i.e., $150.00) on January 11, 2023; and 0.2 hours (i.e., $50.00) on February 15, 2023. Similarly, the Court deducts 0.1 hours ($25.00) from a January 3, 2023 block billing entry for time spent on "discovery plan" and 0.1 ($25.00) hours from a February 22, 2023 entry for time spent on "M[ediation] B[rief]." The total fees awarded for work performed by Mr. Seligson is **$4,650.00**.

**D.     Costs**

With respect to costs requested by the Emran Law Firm, the receipts and invoice documents submitted in support of the application support only a total of **$434.28**.  Accordingly, the Court awards this amount in costs.

## III.    CONCLUSION

Based on the foregoing, the Court awards plaintiff Falafel Flame a total of $10,862.50 in attorney's fees and $434.28 in costs in connection with the motion for contempt.  Defendants must deposit **$11,296.78** in the escrow account established by Mr. Faizi for the benefit of Falafel Flame by **May 5, 2023**.

**IT IS SO ORDERED.**

Dated: April 21, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge