UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BAKTASH TEMORI, et al.,<br><br>Defendants. | Case No. 22-cv-04224-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION RE CONTEMPT;**<br><br>**ORDER RE JULY 29, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 70, 73 |

## I. BACKGROUND

Plaintiff Ahmad Mukhtar Faizi filed a "Verified Shareholder Derivative Complaint for Money Damages and Injunctive Relief," on behalf of nominal defendant Falafel Flame, Inc. ("Falafel Flame"), against two of Falafel Flame's directors, Baktash Temori and Masoud Rustakhis, as well as a number of entities, including allegedly unauthorized Falafel Flame eateries. Mr. Faizi asserts 22 claims for relief, including direct and derivative claims for relief. Relevant to the present motion for an order of contempt, Mr. Faizi asserted derivative trademark claims on Falafel Flame's behalf, based on allegations that defendants opened multiple competing falafel eateries using the federally registered service mark, FALAFEL FLAME®, without proper authorization. *See* Dkt. No. 1.

On October 12, 2022, the Court issued an order granting (as modified) Mr. Faizi's motion for a preliminary injunction regarding trademark infringement only. Dkt. 35. That order focused on the complaint's first claim for relief under the Lanham Act, 15 U.S.C. § 1114, and on four allegedly unapproved falafel restaurants in Hayward, Sunnyvale, San Jose, and Upland, California.

1  The Court assumes the parties' familiarity with the terms of the injunction, and does not recite the

2  those details here.  In sum, the Court enjoined defendants from, among other things, (1) using,

3  imitating, copying, or making any other infringing use of the FALAFEL FLAME® mark; and

4  (2) operating the four allegedly unapproved falafel restaurants in Hayward, Sunnyvale, San Jose,

5  and Upland, California under the name "Falafel Flame" or using the FALAFEL FLAME® mark.

6  Defendants were also ordered to remove from display and cease all use of any advertisements and

7  marketing, promotional, or sales materials comprising, bearing, or displaying the FALAFEL

8  FLAME® mark, and to remove from display and cease all use of signage, menus, and other

9  physical materials comprising, bearing or displaying the FALAFEL FLAME® mark.  *See id*. at

10  13-15.

11  On February 15, 2023, the Court granted in part and denied in part Mr. Faizi's motion for

12  an order of contempt, based on defendants' failure to comply with the Court's preliminary

13  injunction.  Dkt. No. 54.  As discussed in that order, there was no dispute regarding defendants'

14  noncompliance, and defendants acknowledged that they made no attempt to comply with the

15  injunction.  *Id*. at 5.  The Court directed defendants to pay Falafel Flame a monthly fee (to be

16  deposited into an escrow account) to compensate the company for the use of its intellectual

17  property, with fees accruing every thirty days for each establishment that remained in

18  noncompliance with the injunction.  *See id*. at 8.  On April 21, 2023, the Court granted Mr. Faizi's

19  related request for attorneys' fees.  Dkt. No. 65.

20  On July 5, 2023, Mr. Faizi filed the present motion for an order of contempt, asserting that

21  defendants still have not complied in any respect with the October 2022 preliminary injunction.

22  He further asserts that defendants also have not complied at all with the Court's subsequent orders

23  finding defendants in contempt and requiring payment of attorneys' fees.  Dkt. No. 70.  Mr. Faizi

24  seeks an order again finding defendants in contempt and (1) directing defendants to disgorge

25  profits earned during the period of contumacy; (2) establishing a schedule of fines to coerce

26  defendants' compliance; (3) requiring defendants to submit sworn affidavits describing their

27  compliance efforts; and (4) awarding attorneys' fees incurred to compel defendants' compliance

28

with the Court's orders.[1]  Although defendants had notice of the pending motion and ample opportunity to file papers in response, they did not file any brief or submit any evidence in response to that motion.

On July 31, 2023, the Court issued an order to show cause, stating that in view of defendants' failure to respond to the motion, the Court "concludes that defendants do not contest the bases asserted by Mr. Faizi for the relief sought in the pending motion for an order of contempt." Dkt. No. 75 at 1.  The Court held a hearing on the contempt motion on August 15, 2023. Dkt. No. 76.  Although their attorney appeared at the hearing, defendants themselves did not, even though they were ordered to appear in person and "show cause why the Court should not impose sanctions for their failure to comply with the Court's October 12, 2022 preliminary injunction order (Dkt. No. 35), February 15, 2023 order of contempt (Dkt. No. 54), and April 21, 2023 order requiring payment of attorneys' fees (Dkt. No. 65), including but not limited to payment of a daily fine until defendants are in compliance with all orders—or potentially more drastic sanctions, such as an order striking defendants' answer and entering default judgment against them on some or all of the claims asserted in the complaint." *Id*. at 2.

On July 29, 2023, the parties filed a joint discovery letter brief in which Mr. Faizi asserted that defendants failed to respond at all to his requests for the production of documents.  Defendants acknowledged that they had not produced discovery and that the discovery was overdue.  Dkt. No. 73.  The Court also held a hearing on the parties' discovery dispute on August 15, 2023.  *See* Dkt. Nos. 74, 76.

## II. LEGAL STANDARD

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994).  Civil contempt "consists of a party's disobedience to a specific and definite court

---

[1] Mr. Faizi's proposed order also asks for an order requiring the defendants to "inform all owners of Unapproved Falafel Restaurants not already named in this lawsuit to appear" before the Court. *See* Dkt. No. 70-3 at 1.  As discussed at the hearing, Mr. Faizi currently does not know who such owners may be.  Nor has he identified a basis for the Court's authority to order any such non-parties to do anything.

3

1  order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck*
2  *Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Gen. Signal*
3  *Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("Civil contempt occurs when a party
4  fails to comply with a court order.").

5      "The standard for finding a party in civil contempt is well settled: 'The moving party has
6  the burden of showing by clear and convincing evidence that the contemnors violated a specific
7  and definite order of the court.'" *Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228,
8  1239 (9th Cir. 1999) (quoting *Stone v. Cty. & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th
9  Cir. 1992)). "'The burden then shifts to the contemnors to demonstrate why they were unable to
10 comply.'" *Id.* (quoting *Stone*, 968 F.2d at 856 n.9). "The contempt need not be willful." *In re*
11 *Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695 (internal quotation marks and
12 citation omitted). However, contempt sanctions are not warranted where the nonmoving party's
13 action "appears to be based on a good faith and reasonable interpretation" of the court's order. *Id.*
14 (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).
15 Additionally, "'[s]ubstantial compliance with the court order is a defense to civil contempt, and is
16 not vitiated by a few technical violations where every reasonable effort has been made to
17 comply.'" *Id.* (quoting *Gen. Signal Corp.*, 787 F.2d at 1378-79).

18     Thus, Mr. Faizi must demonstrate by clear and convincing evidence that (1) defendants
19 violated a court order, (2) the noncompliance was more than a technical or de minimis violation,
20 and (3) defendants' conduct was not based on a good faith and reasonable interpretation of the
21 violated order. *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL
22 3394754, at *8 (N.D. Cal. Aug. 8, 2017) (*citing United States v. Bright*, 596 F.3d 683, 694 (9th
23 Cir. 2010)).

24 **III. DISCUSSION**

25     There is no question that defendants have not complied with the terms of the Court's
26 preliminary injunction (Dkt. No. 35), or the Court's subsequent orders finding defendants in
27 contempt (Dkt. No. 54) and requiring payment of attorneys' fees (Dkt. No. 65). Indeed, at the
28 hearing, defendants confirmed that they have no basis to contest Mr. Faizi's assertions that they

4

have not complied with those orders.[2]  Defense counsel was unable to explain why defendants did not file any opposition to the present motion re contempt, or why they failed to appear in person at the hearing, as ordered by the Court.[3]  Although counsel alluded to potential financial difficulties, defendants have not argued or asserted that they are financially unable to comply with the Court's injunction and other orders, much less presented any evidence substantiating any such claims.  Accordingly, the Court finds that Mr. Faizi has established that defendants have not complied with the Court's orders, their noncompliance is more than a technical or de minimis violation, and defendants' conduct is not based on a good faith and reasonable interpretation of the orders.  Defendants have not met their burden to demonstrate that they were unable to comply.

With respect to requested remedies, "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-304 (1947); *see also Bagwell*, 512 U.S. at 829 ("A contempt fine accordingly is considered civil and remedial if it either coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained.  Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge.") (internal quotations and citations omitted); *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008) (same).  *See generally Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (whether fines are payable to opposing party or to the court may be a factor in deciding whether fines are compensatory or coercive, but is not, by itself, determinative).

Mr. Faizi's request for compensatory sanctions based on disgorgement of defendants'

---

[2] At the hearing, defense counsel stated his understanding that the Falafel Flame establishment in Dublin, California recently closed.  *See* Dkt. No. 76.  Even if true, that fact is of no particular significance to the pending motion for an order of contempt.  The Dublin restaurant was expressly excluded from Mr. Faizi's preliminary injunction motion and from the Court's preliminary injunction order.  *See* Dkt. No. 35 at 3 n.5; Dkt. No. 54 at 2 n.4.

[3] Although he did not file the court-ordered certificate, at the hearing defense counsel represented to the Court that he provided his clients with notice of the July 31, 2023 order to show cause requiring their attendance at the hearing in person.  *See* Dkt. No. 76.

profits is denied. While disgorgement of profits is recognized as an appropriate measure for a contempt sanction in trademark cases, s*ee Jerry's Famous Deli, Inc. v. Papanicoloaou*, 383 F.3d 998, 1004 (9th Cir. 2004), Mr. Faizi has not presented any evidence of defendants' finances based on the operation of the four allegedly unapproved falafel establishments at issue. *See, e.g., Adobe Sys., Inc. v. Software Tech.*, No. 5:14-cv-02140-RMW, 2015 WL 6951875, at *6 (N.D. Cal. Nov. 10, 2015) (declining to impose civil contempt sanctions based on defendants' profits where plaintiff presented no evidence that would enable the calculation of defendants' revenue from violations of the court's preliminary injunction). Nor has he proposed any means to obtain "accurate and independently determined revenue and costs of goods sold information to determine profits during the period of civil contempt." Dkt. No. 70-1 at 14.

At the hearing, defense counsel expressed his understanding that Messrs. Temori and Rustakhis currently are making efforts to change the name of all establishments, which may be completed within about one month. Defense counsel's assertions regarding defendants' purported name change efforts are unsubstantiated; and, even if they are true, such efforts would only address a portion of the Court's October 2022 injunction. In response, Mr. Faizi expressed skepticism that defendants would comply with the injunction without more significant sanctions. But he also expressed concern that imposing further financial sanctions may not be effective, and suggested that the Court enter default judgment against the defendants. To that end, Mr. Faizi stated that he is prepared to move for default judgment on the Lanham Act claim, notwithstanding the lack of discovery from defendants. At the same time, however, Mr. Faizi confirmed that he would still like to obtain the outstanding document discovery at issue in the parties' July 29, 2023 discovery letter (particularly documents pertaining to defendants' finances), as well as depositions of Messrs. Temori and Rustakhis.

Mr. Faizi has not made a request to compel any deposition discovery, and fact discovery has closed. At the hearing, Mr. Faizi stated that he did not serve any formal deposition notices during discovery, but had informally requested Mr. Rustakhis's deposition. While it appears that the parties may have agreed on date(s) for that deposition, Mr. Faizi apparently did not proceed with any depositions during the discovery period due to defendants' failure to respond to his

document requests. As discussed at the hearing, Mr. Faizi waited far too long to bring these discovery matters to the Court's attention. Nevertheless, defense counsel stated that his clients may be willing to appear for a deposition, and proposed a continuance of the current February 2024 trial to allow some additional time for such discovery and to give defendants additional time to comply with the Court's prior orders.

The Court is not confident that defendants will remedy their noncompliance with the Court's orders even if given a further opportunity to do so. However, based on the parties' representations regarding the prospects for completing at least some discovery, the Court orders as follows:

1. By **August 25, 2023**, defense counsel shall file a certification that he has provided the defendants with a copy of this order and the date on which the order was provided to them.

2. With respect to the parties' July 29, 2023 discovery letter, Mr. Faizi's request to compel defendants' production of documents is granted as follows:

    a. The parties shall promptly confer about which documents should be given priority for production. Defendants shall complete their production of all responsive, non-privileged documents by **September 15, 2023**.

    b. If Mr. Faizi wishes to depose Mr. Temori or Mr. Rustakhis (or both), the parties shall promptly confer about dates for their deposition(s). The deposition(s) must be completed no later than **October 6, 2023**.

    c. The Court emphasizes that fact discovery remains closed, and that the additional period for discovery permitted by this order is limited to Mr. Faizi's document requests identified in the parties' July 29, 2023 discovery letter, and to the depositions of Messrs. Temori and Rustakhis.

3. With respect to Mr. Faizi's motion for an order of contempt, the Court focuses here on compliance with the October 2022 injunction, which is the order most directly tied to the merits of Mr. Faizi's claims. Despite the Court's prior contempt order imposing compensatory sanctions, defendants still have not complied with the injunction. And, there is now merely a suggestion that an effort is underway to change the names of all establishments, which would still not bring

1  defendants into full compliance with the injunction. Although defendants have had ample
2  opportunity to comply with the injunction, the Court will give them a further final opportunity to
3  comply, as follows:

4      a. The Court will not impose additional sanctions for noncompliance with the
5  Court's October 2022 injunction (Dkt. No. 35) if Mr. Temori, Mr. Rustakhis, and the
6  Unapproved Falafel Defendants[4] comply with the injunction by **September 22, 2023**, and
7  substantiate such compliance as described below.

8      b. By **September 29, 2023**, Mr. Temori and Mr. Rustakhis must file sworn
9  affidavits or declarations signed under penalty of perjury on behalf of themselves and the
10 Unapproved Falafel Defendants they own or control attesting to these defendants'
11 compliance with the October 2022 injunction order as to all restaurants within scope of the
12 injunction.

13     c. If Messrs. Temori and/or Rustakhis take the position that they or any other
14 Unapproved Falafel Defendant is unable to comply with the Court's October 2022
15 injunction, then by **September 29, 2023**, they shall so advise the Court and must provide
16 argument and evidence substantiating their claimed inability to comply. Defendants and
17 their counsel are reminded of their obligations under Rule 11, and that any assertions
18 regarding a claimed inability to comply must be warranted by existing law (or by a
19 nonfrivolous argument for extending or modifying that law) and that any factual
20 allegations must be made in a good faith belief as to the evidentiary support for them.

21     d. In the prior contempt order, the Court expressed concern about the efficacy of
22 compensatory monetary sanctions payable to Falafel Flame, in view of the fact that
23 Messrs. Faizi, Temori, and Rustakhis each own a third of the company, and where there is
24 some question about the control of the company's financial information. *See* Dkt. No. 54
25 at 8-9. On the record presented, it now appears that the Court's prior imposition of civil
26 contempt sanctions, in the form of compensatory fees payable to Falafel Flame, has not

---

[4] *See* October 2022 injunction, Dkt. No. 35 at 14.

8

been effective in obtaining defendants' compliance with the October 2022 injunction. Accordingly, if Messrs. Temori and Rustakhis and the Unapproved Falafel Defendants remain in noncompliance with the Court's October 2022 injunction (Dkt. No. 35), or fail to offer and substantiate any reason why they are unable to comply, then beginning on **October 2, 2023**, fines payable to the Clerk of the Court will begin to accrue in the amount of $50 per day as to Mr. Temori and $50 per day as to Mr. Rustakhis, until compliance with the injunction order is achieved. The purpose of these daily accruing fines is intended to compel compliance with the October 2022 injunction. Messrs. Temori and Rustakhis may avoid payment of these per diem fines altogether if defendants comply with the October 2022 injunction order as discussed above.

e. If the present order does not resolve defendants' noncompliance with the Court's October 2022 injunction, the Court will direct Messrs. Temori and Rustakhis to pay to the Clerk of the Court the sum of the daily fines accrued as of October 31, 2023, and every thirty days thereafter, until compliance with the injunction order is achieved. The Court may also consider whether additional or more drastic sanctions are warranted, such as an order striking defendants' answer and entering default judgment against them on Mr. Faizi's first claim for relief under the Lanham Act.

f. The Court defers ruling on Mr. Faizi's request for attorneys' fees incurred in seeking to compel defendants' compliance with the Court's prior orders.

4. The Court defers a decision regarding whether to continue the currently scheduled February 2024 trial, as the Court understands that defense counsel has a pending request to continue the potentially conflicting trial dates in another matter pending before Judge Gonzalez Rogers. *See* Case No. 21-cr-00328-YGR *United States v. Cervantes, et al.*, Dkt. No. 805. Defense counsel shall promptly advise the Court and Mr. Faizi's counsel if Judge Gonzalez

///
///
///
///

9

Rogers denies the requested continuance.

**IT IS SO ORDERED.**

Dated: August 18, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge