UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BAKTASH TEMORI, et al.,<br><br>Defendants. | Case No. 22-cv-04224-VKD<br><br>**ORDER RE DEFENDANTS' RESPONSE TO AUGUST 18, 2023 ORDER**<br><br>Re: Dkt. No. 81 |

On August 18, 2023, this Court issued an order granting in part and denying in part Mr. Faizi's second motion for an order of contempt. Dkt. No. 77. Among other things, that order directed that by September 29, 2023, "Mr. Temori and Mr. Rustakhis must file sworn affidavits or declarations signed under penalty of perjury on behalf of themselves and the Unapproved Falafel Defendants they own or control attesting to these defendants' compliance with the October 2022 injunction order as to all restaurants within scope of the injunction." *Id*. at 8, paragraph 3.b. If Messrs. Temori and/or Rustakhis took the position that they or any other Unapproved Falafel Defendant are unable to comply with the Court's October 2022 injunction, then by September 29, 2023, they were to so advise the Court and, consistent with their Rule 11 obligations, to "provide argument and evidence substantiating their claimed inability to comply." *Id*., paragraph 3.c.

On September 29, 2023, Mr. Temori and Mr. Rustakhis each submitted a declaration in response to the Court's August 18, 2023 order. Dkt. Nos. 81-1, 81-2. Neither declaration is dated; Mr. Rustakhis's declaration is also unsigned. Both declarations state that the Falafel Flame in Upland, California has closed and is no longer in business, but otherwise essentially say that

1 defendants will only change the name of the subject restaurants if the restaurants have enough
2 money.  The statements in the declarations regarding the timing of the name change are also
3 inconsistent with the representations made at the August 15, 2023 hearing.  *See* Dkt. No. 77 at 6.
4 Neither declaration is supported by any argument or evidence, and defendants have therefore not
5 complied with paragraph 3.c. of the August 18, 2023 order.  In sum, it appears that Messrs.
6 Temori and Rustakhis and the Unapproved Falafel Defendants (with the possible exception of the
7 Upland location) remain in noncompliance with the Court's October 2022 injunction, and have not
8 offered or substantiated any reason why they are unable to comply.

Accordingly, the daily fines set in the August 18, 2023 order will start accruing on October 2, 2023, as previously ordered.  *See* Dkt. No. 77 at 8-9, para. 3.d.  As stated in the August 18, 2023 order, the purpose of these daily accruing fines is to compel compliance with the October 2022 injunction.  *Id*. at 9, para. 3.d.  Messrs. Temori and Rustakhis may avoid payment of the fines by complying with the October 2022 injunction.  *Id*.

By **October 31, 2023**, Mr. Temori and Mr. Rustakhis must file sworn affidavits or declarations signed under penalty of perjury on behalf of themselves and the Unapproved Falafel Defendants attesting to the status of these defendants' compliance with the October 2022 injunction order as to all restaurants within scope of that injunction.  If defendants are still not in compliance with the October 2022 injunction by that time, the Court will strike defendants' answer to Mr. Faizi's first claim for relief under the Lanham Act and invite Mr. Faizi to file a motion for default judgment as to that claim.

**IT IS SO ORDERED.**

Dated: October 2, 2023

Virginia K. DeMarchi
United States Magistrate Judge