UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC., <br><br>Plaintiff, <br><br>v. <br><br>BAKTASH TEMORI, et al., <br><br>Defendants. | Case No. 22-cv-04224-VKD <br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION RE CONTEMPT** <br><br>Re: Dkt. No. 80 |

## I. BACKGROUND

Plaintiff Ahmad Mukhtar Faizi filed a "Verified Shareholder Derivative Complaint for Money Damages and Injunctive Relief," seeking relief for himself and on behalf of nominal defendant Falafel Flame, Inc. ("Falafel Flame"), against two of Falafel Flame's directors, Baktash Temori and Masoud Rustakhis, as well as a number of entities, including allegedly unauthorized Falafel Flame restaurants.

On August 18, 2023, the Court held a hearing on the parties' July 29, 2023[1] joint discovery letter brief concerning Mr. Faizi's document requests. *See* Dkt. Nos. 73, 76. While defendants acknowledged that Mr. Faizi had not received discovery that was overdue, Mr. Faizi was also not diligent in pursuing discovery. *See* Dkt. No. 77 at 6-7. Nevertheless, based on the discussion at the hearing, it appeared that there was a possibility for completing some discovery based upon an agreement of the parties. Accordingly, the Court issued an order for the parties to confer about which documents should be given priority for production. Defendants were ordered to "complete

---

[1] The deadline for bringing discovery matters before the Court was July 28, 2023. Civil L.R. 37-3.

1  their production of all responsive, non-privileged documents" by September 15, 2023.  If Mr.
2  Faizi chose to proceed with depositions of Mr. Temori or Mr. Rustakhis (or both), then the
3  depositions were to be completed by October 6, 2023.  *See id*. at 7.
4       Now before the Court is Mr. Faizi's third motion for an order holding defendants in
5  contempt.  Dkt. No. 80.  Mr. Faizi contends that defendants' document production fails to comply
6  with this Court's August 18, 2023 discovery order.  Mr. Faizi asks that the Court order defendants
7  to (1) pay attorneys' fees and costs "as compensation for compelling Defendants to participate in
8  . . . discovery"; (2) pay fines of $100 per day until they can demonstrate meaningful compliance
9  with the Court's discovery order; and (3) submit sworn affidavits detailing their efforts to comply
10 with the Court's discovery order.  Defendants did not file a written response to the motion, but
11 their counsel appeared at the November 7, 2023 hearing.  Upon consideration of the moving
12 papers, as well as the oral arguments presented, the Court denies Mr. Faizi's motion for an order
13 of contempt.

## II. DISCUSSION

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding.  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994).  Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("Civil contempt occurs when a party fails to comply with a court order.").

"The standard for finding a party in civil contempt is well settled:  'The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.'"  *Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. Cty. & Cnty. Of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).  "'The burden then shifts to the contemnors to demonstrate why they were unable to comply.'"  *Id.* (quoting *Stone*, 968 F.2d at 856 n.9).  "The contempt need not be willful."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695 (internal quotation marks and

United States District Court
Northern District of California

citation omitted). However, contempt sanctions are not warranted where the nonmoving party's action "appears to be based on a good faith and reasonable interpretation" of the court's order. *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). Additionally, "'[s]ubstantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply.'" *Id.* (quoting *Gen. Signal Corp.*, 787 F.2d at 1378-79).

Thus, Mr. Faizi must demonstrate by clear and convincing evidence that (1) defendants violated a court order, (2) the noncompliance was more than a technical or de minimis violation, and (3) defendants' conduct was not based on a good faith and reasonable interpretation of the violated order. *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 3394754, at *8 (N.D. Cal. Aug. 8, 2017) (*citing United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010)).

Mr. Faizi's motion for an order of contempt recites, at a very high level, that in response to approximately 986 document requests, defendants produced 46 documents, most of which pertain to the Blaze defendants, and the remaining documents "do not even account for each entity currently operating." Dkt. No. 80 at 5. Additionally, Mr. Faizi says that there are no documents relating to the Falafel Flame San Jose location or to Mr. Temori or Mr. Rustakhis. *Id*. His counsel summarily states that the parties conferred, but the negotiations did not result in "a definitive plan for the production of additional discovery documents," and no additional documents were produced. Dkt. No. 80-1 ¶¶ 9-12.

Mr. Faizi fails to identify in sufficient detail matters that would inform the Court's determination of whether there has been a violation of the August 18, 2023 discovery order, including which specific document requests are at issue, what categories of information have been produced, and what additional categories of responsive documents that Mr. Faizi believes exist have not been produced. While defendants' counsel acknowledged at the hearing that it was "possible" additional responsive documents exist and have not been produced, the Court cannot determine from the record presented by Mr. Faizi whether defendants' production has fallen short of "substantial compliance" with the Court's August 18, 2023 discovery order. Moreover, Mr.

Faizi had ample opportunity in discovery to seek the production of documents he believes he needs, but he was not diligent in seeking this relief.

In sum, Mr. Faizi has not met his burden to establish, by clear and convincing evidence, that defendants violated the August 18, 2023 discovery order warranting a finding of contempt or the magnitude of sanctions sought.[2]

## III. CONCLUSION

Based on the foregoing, Mr. Faizi's third motion for an order holding defendants in contempt is denied.

**IT IS SO ORDERED.**

Dated: November 13, 2023

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge

---

[2] In any event, Mr. Faizi previously represented to the Court that he is prepared to move for default judgment on the Lanham Act claim (claim 1), even without discovery from defendants. The Court separately addresses defendants' litigation conduct in an order striking certain defendants' answer and entering their default.