UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAKTASH TEMORI, et al., <br><br> Defendants. | Case No. 22-cv-04224-VKD <br><br> **ORDER STRIKING CERTAIN DEFENDANTS' ANSWER AND ENTERING DEFAULT** |

## I.     BACKGROUND

Plaintiff Ahmad Mukhtar Faizi filed a "Verified Shareholder Derivative Complaint for Money Damages and Injunctive Relief," seeking relief for himself and on behalf of nominal defendant Falafel Flame, Inc. ("Falafel Flame"), against two of Falafel Flame's directors, Baktash Temori and Masoud Rustakhis, as well as a number of entities, including allegedly unauthorized Falafel Flame restaurants. *See* Dkt. No. 1. Most of the parties' litigation efforts have focused on four allegedly unapproved Falafel Flame establishments in Hayward, Sunnyvale, San Jose, and Upland, California ("Unapproved Falafel Defendants"). *See id*. ¶ 15; *see also* Dkt. No. 35 at 14. Noting that he did not know their formal entity names, Mr. Faizi sued certain defendants, including "Falafel Flame Sunnyvale, Falafel Flame Upland, and Falafel Flame San Jose" as "Doe" defendants, each of whom have appeared in this matter through counsel. *See* Dkt. No. 1 ¶ 15; *see also* Dkt. No. 28; Dkt. No. 38 ¶ 56.

All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 22, 23, 29.

On October 12, 2022, the Court issued an order granting (as modified) Mr. Faizi's motion for a preliminary injunction regarding trademark infringement only. Dkt. 35. That order focused on the complaint's first claim for relief under the Lanham Act, 15 U.S.C. § 1114, and on the four Unapproved Falafel Defendants. In sum, the Court preliminarily enjoined defendants from, among other things, (1) using, imitating, copying, or making any other infringing use of the FALAFEL FLAME® mark; and (2) operating the four allegedly unapproved falafel restaurants in Hayward, Sunnyvale, San Jose, and Upland, California under the name "Falafel Flame" or using the FALAFEL FLAME® mark. The Court also ordered defendants to remove from display and cease all use of any advertisements and marketing, promotional, or sales materials comprising, bearing, or displaying the FALAFEL FLAME® mark, and to remove from display and cease all use of signage, menus, and other physical materials comprising, bearing or displaying the FALAFEL FLAME® mark. *See id*. at 13-15.

On February 15, 2023, the Court granted in part and denied in part Mr. Faizi's motion for an order of contempt, based on defendants' failure to comply with the Court's preliminary injunction.[1] Dkt. No. 54. Defendants' noncompliance was undisputed, as they acknowledged that they made no attempt to comply with the injunction. *Id*. at 5. The Court directed defendants to pay Falafel Flame a monthly fee (to be deposited into an escrow account) to compensate the company for the use of its intellectual property, with fees accruing every thirty days for each establishment that remained in noncompliance with the injunction. *See id*. at 8. On April 21, 2023, the Court granted Mr. Faizi's related request for attorneys' fees. Dkt. No. 65.

On July 5, 2023, Mr. Faizi filed a second motion for an order of contempt, asserting that defendants still had not complied with the October 2022 injunction, or with the Court's subsequent

---

[1] At the February 14, 2023 hearing on Mr. Faizi's motion for an order of contempt, Messrs. Temori and Rustakhis both testified to the effect that defendants did not inform their partners (i.e., those who have an ownership interest in the subject establishments) that the injunction prohibits the use of the FALAFEL FLAME® mark or that defendants are in violation of that order. Messrs. Temori and Rustakhis indicated that the reason their partners had not been so informed was due, in part, to a stated concern that compliance with the October 2022 injunction would cause legal disputes with their partners over potential breach of their partnership agreements. *See* Dkt. No. 54 at 6-7 & n.5.

2

orders finding defendants in contempt and requiring the payment of attorneys' fees. Dkt. No. 70.

On July 31, 2023, the Court issued an order to show cause, stating that in view of defendants' failure to respond to Mr. Faizi's second motion for an order of contempt, the Court "concludes that defendants do not contest the bases asserted by Mr. Faizi for the relief sought in" that motion. Dkt. No. 75 at 1. The Court held a hearing on the contempt motion on August 15, 2023. Dkt. No. 76. Although defense counsel appeared at the hearing, defendants Temori and Rustakhis did not, even though they were ordered to appear in person and "show cause why the Court should not impose sanctions for their failure to comply with the Court's October 12, 2022 preliminary injunction order (Dkt. No. 35), February 15, 2023 order of contempt (Dkt. No. 54), and April 21, 2023 order requiring payment of attorneys' fees (Dkt. No. 65), including but not limited to payment of a daily fine until defendants are in compliance with all orders—or potentially more drastic sanctions, such as an order striking defendants' answer and entering default judgment against them on some or all of the claims asserted in the complaint." Dkt. No. 75 at 2.

At the August 15 motion hearing, defense counsel was unable to explain why defendants did not file any opposition papers to Mr. Faizi's second motion for an order of contempt, or why Messrs. Temori and Rustakhis failed to appear at the hearing. *See* Dkt. No. 77 at 5. While there was a suggestion of potential financial difficulties, defendants did not argue, assert, or present any evidence that they were financially unable to comply with the Court's October 2022 and other orders. *See id*. While defense counsel noted that Messrs. Temori and Rustakhis were making efforts to change the name of all establishments (anticipated to be completed within about a month from the hearing), those efforts also were not substantiated by any evidence. *See id*. at 6. Moreover, the name change would still not bring defendants into full compliance with the October 2022 injunction. *See id*. at 6, 7-8.

On August 18, 2023, the Court issued an order granting in part and denying in part Mr. Faizi's second motion for an order of contempt. *Id*. In granting that motion, the Court first gave defendants another opportunity to comply and stated that the Court would "not impose additional sanctions for noncompliance with the Court's October 2022 injunction (Dkt. No. 35) if Mr.

3

Temori, Mr. Rustakhis, and the Unapproved Falafel Defendants[] comply with the injunction by September 22, 2023, and substantiate such compliance[.]" *Id*. at 8 (footnote omitted). Specifically, the Court ordered that by September 29, 2023, "Mr. Temori and Mr. Rustakhis must file sworn affidavits or declarations signed under penalty of perjury on behalf of themselves and the Unapproved Falafel Defendants they own or control attesting to these defendants' compliance with the October 2022 injunction order as to all restaurants within scope of the injunction." *Id*. at 8, paragraph 3.b. If Messrs. Temori and/or Rustakhis took the position that they or any other Unapproved Falafel Defendant are unable t-o comply with the Court's October 2022 injunction, then by September 29, 2023, they were to so advise the Court and, consistent with their Rule 11 obligations, to "provide argument and evidence substantiating their claimed inability to comply." *Id*., paragraph 3.c. Noting that the Court's "prior imposition of civil contempt sanctions, in the form of compensatory fees payable to Falafel Flame," was not effective in obtaining defendants' compliance with the October 2022 injunction, the Court further ordered that "if Messrs. Temori and Rustakhis and the Unapproved Falafel Defendants remain in noncompliance with the Court's October 2022 injunction (Dkt. No. 35), or fail to offer and substantiate any reason why they are unable to comply, then beginning on October 2, 2023, fines payable to the Clerk of the Court will begin to accrue in the amount of $50 per day as to Mr. Temori and $50 per day as to Mr. Rustakhis, until compliance with the injunction order is achieved." *Id*. at 8-9. The Court stated that the "purpose of these daily accruing fines is intended to compel compliance with the October 2022 injunction," and that "Messrs. Temori and Rustakhis may avoid payment of these per diem fines altogether if defendants comply with the October 2022 injunction[.]" *Id*. at 9.

On September 29, 2023, in response to the Court's August 18, 2023 order, Mr. Temori and Mr. Rustakhis each submitted a declaration. Neither declaration was dated; Mr. Rustakhis's declaration was also unsigned. *See* Dkt. Nos. 81-1, 81-2. Both declarations stated that the Falafel Flame restaurant in Upland, California closed (at an unspecified point in time) and is no longer in business. Dkt. No. 81-1 ¶ 5; Dkt. No. 81-2 ¶ 5. With respect to the San Jose location,[2] both

---

[2] Defendants have made various representations regarding the status of the San Jose location. At the hearing on Mr. Faizi's first motion for an order of contempt, there were indications that the

4

declarations indicated that Messrs. Temori and Rustakhis believed that the restaurant would likely go out of business, but they would comply with the October 2022 injunction if they could afford to do so. *See* Dkt. No. 81-1 ¶ 7; Dkt. No. 81-2 ¶ 7. With respect to the Hayward location, Mr. Temori stated that he is "no longer an officer of this company and no longer ha[d] any ownership interest in this company" (Dkt. No. 81-1 ¶ 6), while Mr. Rustakhis's declaration indicated that he maintained a 10% ownership interest (Dkt. No. 81-2 ¶ 6). Mr. Temori's declaration noted that the "new owners" of the Hayward location "are aware that the company was ordered not to use the Falafel Flame mark and are attempting to comply with that order," and that a "paralegal was hired to do a legal name change from Falafel Flame Hayward to Flame Mart, Inc." Dkt. No. 81-1 ¶ 6. Mr. Rustakhis's unsigned declaration added, "We need another two weeks to come into full compliance with the court's order." Dkt. No. 81-2 ¶ 6. With respect to the Sunnyvale location, the declaration submitted by Mr. Temori stated that he was "not an owner or officer" and that Mr. Rustakhis is the "CEO and minority shareholder," while the unsigned declaration submitted by Mr. Rustakhis was silent as to his ownership interest in that company. Dkt. No. 81-1 ¶ 8; Dkt. No. 81-2 ¶ 8. Both declarations indicated that the Sunnyvale establishment might be renamed to "Falafel Fusion," although Mr. Temori's declaration stated that the Sunnyvale location "may go out of business soon," whereas Mr. Rustakhis's unsigned declaration said nothing about the Sunnyvale location's financial condition. Dkt. No. 81-1 ¶ 8; Dkt. No. 81-2 ¶ 8.

On October 2, 2023, the Court issued an order finding that "Messrs. Temori and Rustakhis and the Unapproved Falafel Defendants (with the possible exception of the Upland location) remain in noncompliance with the Court's October 2022 injunction, and have not offered or substantiated any reason why they are unable to comply." Dkt. No. 82 at 2. In so finding, the Court noted that the September 29, 2023 declarations were not dated, that one was unsigned, that

---

San Jose location had been operating as a ghost kitchen, although Mr. Temori testified that the ghost kitchen no longer existed. *See* Dkt. No. 54 at 6. Defendants anticipated that another location would open around April 2023, but Mr. Temori testified that defendants did not intend to open that location under the name "Falafel Flame." *See id*. In his second motion for an order of contempt filed in July 2023, Mr. Faizi stated that defendants had, in fact, re-opened a San Jose location using the FALFEL FLAME® name and mark—an assertion that was unrefuted by defendants. *See* Dkt. No. 70-1 at 8; Dkt. No. 70-2 ¶¶ 4, 5 & Exs. A & B.

5

neither declaration was supported by argument or evidence as required by the Court's August 18, 2023 order, and that "[t]he statements in the declarations regarding the timing of the name change are also inconsistent with the representations made at the August 15, 2023 hearing." *Id*. Accordingly, the Court noted that "the daily fines set in the August 18, 2023 order will start accruing on October 2, 2023, as previously ordered," and that Messrs. Temori and Rustakhis nonetheless could "avoid payment of the fines by complying with the October 2022 injunction." *Id*. (citing Dkt. No. 77 at 8-9, para. 3.d.).

To that end, the Court gave defendants another opportunity to file, by October 31, 2023, "sworn affidavits or declarations signed under penalty of perjury on behalf of themselves and the Unapproved Falafel Defendants attesting to the status of these defendants' compliance with the October 2022 injunction order as to all restaurants within scope of that injunction." *Id*. The Court's October 2 order further stated that "[i]f defendants are still not in compliance with the October 2022 injunction by that time, the Court will strike defendants' answer to Mr. Faizi's first claim for relief under the Lanham Act and invite Mr. Faizi to file a motion for default judgment as to that claim." *Id*.

On October 31, 2023, Mr. Temori and Mr. Rustakhis each filed a declaration reaffirming that the Upland location closed, though the declarations do not state when that occurred. Dkt. No. 83 ¶ 5; Dkt. No. 84 ¶ 5. Additionally, Mr. Temori now says that he "no longer ha[s] any ownership stake in any of the other three companies," and Mr. Rustakhis says that he has no ownership interest in the San Jose location, and only a minority interest in the Hayward and Sunnyvale locations. *See* Dkt. No. 83 ¶ 8; Dkt. No. 84 ¶ 6. Mr. Rustakhis further states that he and Mr. Temori "have informed the majority owners of Falafel Flame Hayward, San Jose, and Sunnyvale that the Court ordered each restaurant to stop using the Falafel Flame name and trademark," but "the majority owners are unwilling to change the names from Falafel Flame." Dkt. No. 83 ¶¶ 6, 7. Mr. Temori makes a similar averment. *See* Dkt. No. 84 ¶ 6 ("I have advised the majority owners of each company that the court ordered them to stop using the Falafel Flame name and trademark, and that they need to comply with that order. The majority owners have so far expressed their unwillingness to comply.").

6

In view of the October 31, 2023 declarations by Messrs. Temori and Rustakhis, at a November 7, 2023 motion hearing on a discovery-related matter (*see* Dkt. No. 89), the Court asked when Messrs. Temori and Rustakhis ceased to have majority ownership over the Hayward, Sunnyvale, and San Jose locations (assuming they ever had a majority ownership or control with respect to any of those entities). Defense counsel was unable to answer.

## II.     LEGAL STANDARD

"Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987). "On motion or on its own," the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(C). Rule 37 authorizes a court to "strik[e] pleadings in whole or in part" and to "render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). "'Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party.'" *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen*, 320 F.3d at 912 (internal quotations and citation omitted).

## III.    DISCUSSION

Courts consider five factors before striking a pleading or declaring default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester*, 687 F.3d at 1169 (quotation marks and citation omitted).

### A.     Unapproved Falafel Defendants

The first three factors weigh in favor of striking the answer of Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose and entering their default with respect to Mr. Faizi's Lanham Act claim (claim 1). These defendants' ongoing failure to comply with the

7

Court's October 2022 injunction has led to multiple sanctions motions and hearings before this Court, which defendants made little effort to oppose, other than through assertions unsupported by any legal argument or evidence. Those proceedings have hampered the expeditious resolution of this litigation and interfered with the Court's ability to efficiently and fairly manage its docket, so as to benefit all litigants with cases on that docket. Moreover, given these entity defendants' ongoing noncompliance with the October 2022 injunction, coupled with their desultory efforts to support their claimed inability to comply, this Court has no assurance that these defendants have or will make any effort to comply with the October 2022 injunction and prevent further alleged infringement pending the resolution of Mr. Faizi's claims.

The fourth factor favoring the disposition of cases on their merits generally weighs against striking these defendants' answer and entering their default. But while the Court always prefers to resolve disputes on their merits, in view of these defendants' ongoing disobedience of the Court's orders, the Court is not confident that they intend to litigate this matter at all. As such, the fourth factor also favors striking defendants' answer and entering their default on the Lanham Act claim.

With respect to the fifth factor, three subfactors inform the Court's consideration of the availability of less drastic sanctions: (1) whether the Court considered lesser sanctions, (2) whether the Court implemented the lesser sanctions, and (3) whether the Court warned the recalcitrant party about the potential for case-dispositive sanctions. *See Hester*, 687 F.3d at 1170. As discussed above, the Court has considered and implemented lesser sanctions, namely monetary sanctions, to no avail. *See* Dkt. Nos. 35, 54, 77, 82. The Court has also given defendants several opportunities to comply with the October 2022 preliminary injunction so that defendants might avoid additional sanctions. *See* Dkt. Nos. 54, 77, 82. In at least two prior orders, the Court warned defendants that their ongoing non-compliance with the October 2022 injunction could result in more drastic sanctions, such as an order striking their answer and entering default judgment against them on some or all of the claims asserted in the complaint. *See* Dkt. No. 75 at 2; Dkt. No. 82 at 2.

The Court concludes that the conduct of defendants Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose demonstrates willfulness, bad faith, or fault and that

striking their answer and entering their default with respect to Mr. Faizi's Lanham Act claim (claim 1) is appropriate.

### B.  Defendants Temori and Rustakhis

It appears that Messrs. Temori and Rustakhis have no control over the entity defendants at issue, namely Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose, and that they no longer have the ability to compel these entities to comply with the October 2022 preliminary injunction or this Court's other orders. No one has provided the Court with any information to the contrary.

Accordingly, the Court provisionally suspends as of October 31, 2023, the daily fines imposed on Messrs. Temori and Rustakhis that have been accruing since October 2, 2023. Additionally, the Court cannot find, on the record presented, that either Mr. Temori or Mr. Rustakhis remain at fault for ongoing noncompliance with the October 2022 injunction. For this reason, the Court does not strike these defendants' answer to the Lanham Act claim (claim 1) or enter default against them.

## IV.  CONCLUSION

Based on the foregoing, the Court strikes the answer of Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose with respect to Mr. Faizi's first claim for relief under the Lanham Act. The Clerk of the Court is directed to enter default against these defendants as to that claim.

Mr. Faizi may file a motion for default judgment no later than **December 6, 2023**. In addition to the *Eitel*[3] factors, Mr. Faizi's motion must address the Court's subject matter jurisdiction, personal jurisdiction (and relatedly, service of process). *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Rain Design, Inc. v. Spinido, Inc.*, No. 17-cv-03681-JSC, 2018 WL 7269019, at *2 (N.D. Cal. Nov. 15, 2018) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).

Notwithstanding the entry of their default, the Court will permit defendants Falafel Flame

---

[3] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose to file papers in opposition to any such motion to assert any defenses they may have against the entry of default judgment, or to assert any reasons why their default should be set aside.

**IT IS SO ORDERED.**

Dated: November 13, 2023

Virginia K. DeMarchi
United States Magistrate Judge

10