UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC., <br><br>Plaintiff, <br><br>v. <br><br>BAKTASH TEMORI, et al., <br><br>Defendants. | Case No.  22-cv-04224-VKD <br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE** <br><br>Re: Dkt. No. 96 |

Plaintiff Ahmad Mukhtar Faizi filed a "Verified Shareholder Derivative Complaint for Money Damages and Injunctive Relief," seeking relief for himself and on behalf of nominal defendant Falafel Flame, Inc. ("Falafel Flame"), against two of Falafel Flame's directors, Baktash Temori and Masoud Rustakhis, as well as a number of entities, including allegedly unauthorized Falafel Flame restaurants. *See* Dkt. No. 1.  On November 22, 2022, the Court issued a case management order setting deadlines, including a September 19, 2023 deadline for a hearing on dispositive/*Daubert*[1] motions, as well as a January 24, 2024 final pretrial conference, and a 5-day jury trial beginning on February 12, 2024.  Dkt. No. 45.  On April 7, 2023, the Court granted the parties' joint request to extend case management deadlines, including an extension of the dispositive/*Daubert* hearing deadline to November 21, 2023.  Dkt. No. 64.  In that order, the Court expressly stated that "[t]he final pretrial conference (January 24, 2024) and jury trial (February 12-16, 2024) remain as set in the Court's November 22, 2022 case management order (Dkt. No. 45)."  *Id*. at 2.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).

Mr. Faizi now moves to modify the case schedule to allow him to belatedly file a summary judgment motion, which should have been filed no later than October 17, 2023. Dkt. No. 96. Specifically, Mr. Faizi requests leave to file a motion for summary judgment by December 15, 2023. *Id*. at 5. Defendants oppose that motion. Dkt. No. 98. The Court deemed the matter submitted without oral argument. Dkt. No. 97. Upon consideration of the moving and responding papers, the Court denies Mr. Faizi's motion to belatedly file a summary judgment motion.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (internal quotations and citation omitted). The Rule 16(b) "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory comm. note (1983)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. "If that party was not diligent, the inquiry should end." *Id*.

Mr. Faizi does not address Rule 16 in his motion. Nor has he made the required showing of diligence. Although Mr. Faizi argues at length about defendants' conduct in these proceedings, he has not acted diligently in prosecuting this action or in pursuing the present motion seeking relief from the Court's scheduling order. Indeed, the Court has noted that Mr. Faizi was dilatory in discovery, and waited too long to bring discovery disputes before the Court. *See* Dkt. No. 77 at 6-7; *see also* Dkt. No. 90 at 3-4. At a November 7, 2023 hearing on a separate matter, Mr. Faizi inquired about an extension for filing a summary judgment motion (which was already weeks overdue), and the Court stated that he would need to file a written request for such relief. *See* Dkt. No. 89. Yet Mr. Faizi did not file the present motion until over a month later, on December 8, 2023, when this case is now about a month away from the January 24, 2024 final pretrial

conference, and the February 12, 2024 start of trial. Although Mr. Faizi argues that the Court "recognized [his] need for an adjustment of dispositive motion deadlines" in its November 13, 2023 order setting a deadline for him to move for default judgment as to certain defendants (*see* Dkt. No. 96 at 3), that order has no bearing on the issue of Mr. Faizi's diligence in seeking relief from the Court's case management schedule. While Mr. Faizi's counsel state that they are "relatively newly admitted attorneys" (Dkt. No. 96 at 4), they acknowledge that they failed to calendar the filing deadline for summary judgment motions, and apparently did not make sufficient effort to familiarize themselves with the requirements of this district's Local Rules and/or this Court's Standing Orders. *See* Dkt. No. 96 at 4, 5. Moreover, the record presented indicates that granting Mr. Faizi's present request, which comes at a very late stage in this litigation, would prejudice defendants' ability to prepare for the trial of this matter that was set many months ago. *See* Dkt. No. 98 at 3.

In sum, Mr. Faizi has not established the diligence necessary to warrant modification of the case schedule. Accordingly, his motion for leave to file a belated summary judgment motion is denied. The parties are reminded of their deadlines and obligations under the Court's Standing Order re Pretrial Preparation.[2]

**IT IS SO ORDERED.**

Dated: December 13, 2023

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] https://cand.uscourts.gov/standing_order_re_pretrial_preparation_august_2023/

3