UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BAKTASH TEMORI, et al.,<br><br>    Defendants. | Case No. 22-cv-04224-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 95 |

## I.   BACKGROUND

Plaintiff Ahmad Mukhtar Faizi filed a "Verified Shareholder Derivative Complaint for Money Damages and Injunctive Relief," seeking relief for himself and on behalf of nominal defendant Falafel Flame, Inc. ("Falafel Flame" or "Company"), against two of Falafel Flame's directors, Baktash Temori and Masoud Rustakhis, as well as a number of entities, including allegedly unauthorized Falafel Flame restaurants.  *See* Dkt. No. 1.  Most of the parties' litigation efforts have focused on four allegedly unapproved Falafel Flame establishments in Hayward, Sunnyvale, San Jose, and Upland, California ("Unapproved Falafel Defendants").  *See id*. ¶ 15; *see also* Dkt. No. 35 at 14.  Noting that he did not know their formal entity names, Mr. Faizi sued certain defendants, including "Falafel Flame Sunnyvale, Falafel Flame Upland, and Falafel Flame San Jose" as "Doe" defendants, each of whom have appeared in this matter through counsel.  *See* Dkt. No. 1 ¶ 15; *see also* Dkt. No. 28; Dkt. No. 38 ¶ 56.

The parties are familiar with the underlying events in this litigation leading to the Court's November 13, 2023 order striking the answer of Falafel Flame Hayward, Falafel Flame

Sunnyvale, and Falafel Flame San Jose (Dkt. No. 91).[1] Those details will not be recounted here, except as necessary in the discussion below. In sum, in October 2022, the Court issued an order granting (as modified) Mr. Faizi's motion for a preliminary injunction, focusing on the Unapproved Falafel Defendants and the complaint's first claim for relief, brought on behalf of the Company, for trademark infringement under the Lanham Act, 15 U.S.C. § 1114. Dkt. No. 35. The Unapproved Falafel Defendants failed to comply with that injunction, despite multiple attempts to enforce the terms of the Court's October 2022 order. *See, e.g.,* Dkt. Nos. 52-54, 65, 75, 77, 82, 91. Accordingly, the Court struck the answer of Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose, directed the Clerk of Court to enter default (only as to those defendants and only as to the first claim under the Lanham Act claim for trademark infringement), and permitted Mr. Faizi to move for default judgment on that claim. Dkt. No. 91 at 9. The Court also permitted those defendants to oppose any such motion, notwithstanding the entry of their default. *Id.* at 9-10.

Mr. Faizi (on behalf of Falafel Flame) now moves for default judgment as to the Lanham Act trademark infringement claim against Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose (collectively, "defaulting defendants"). Dkt. No. 95. Defendants oppose the motion. Dkt. No. 100. Mr. Faizi did not file a reply. The Court heard oral argument on the motion on January 18, 2024. Dkt. No. 104. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants the motion for default judgment in part and denies it in part.[2]

**II.    LEGAL STANDARD**

Default may be entered against a party who fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). After entry of default, a court may, in its discretion, enter default judgment.

---

[1] Defendants have represented that the Falafel Flame restaurant in Upland, California closed and is no longer in business. *See* Dkt. No. 91 at 4; Dkt. No. 81-1 ¶ 5; Dkt. No. 81-2 ¶ 5; Dkt. No. 83 ¶ 5; Dkt. No. 84 ¶ 5.

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 22, 23, 29.

2

Fed. R. Civ. P. 55(b)(2);[3] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The court may hold a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

### III.    DISCUSSION

#### A.    Subject Matter Jurisdiction and Personal Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the Lanham Act trademark infringement claim.

The Court is also satisfied that personal jurisdiction exists over the defaulting defendants, as there appears to be no dispute that those entities all have their principal places of business in this district. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction.") (internal quotations and citation omitted) (alteration in original); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity

---

[3] "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). There are no such issues presented here.

1  or an occurrence that takes place in the forum State and is therefore subject to the State's
2  regulation.").

### B.     Service of Process

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Rain Design, Inc. v. Spinido, Inc.*, No. 17-cv-03681-JSC, 2018 WL 7269019, at *2 (N.D. Cal. Nov. 15, 2018) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). Mr. Faizi's showing regarding service of process is cursory. *See* Dkt. No. 95 at 7. Nevertheless, the defaulting defendants made a general appearance in this matter, and do not contest service of process or personal jurisdiction. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1047 (N.D. Cal. 2010) (general appearance or responsive pleading that fails to dispute personal jurisdiction waives any defect in service or personal jurisdiction). Accordingly, the Court finds no issue with regard to service of process or personal jurisdiction.

### C.     *Eitel* Factors

As indicated by the briefing on the present motion, and as confirmed at the motion hearing, defendants do not seriously dispute that the allegations of the complaint, together with the Court's findings in granting a preliminary injunction, are sufficient to support a finding of liability on the trademark infringement claim that Mr. Faizi asserts on behalf of Falafel Flame. *See* Dkt. No. 100 at 2; Dkt. No. 104. Rather, the primary point of contention appears to be what remedy or remedies may be appropriate.

The Court finds that all but one of the seven *Eitel* factors weigh in favor of default judgment. With respect to the possibility of prejudice to Falafel Flame (first factor), defendants contend that default judgment is not warranted, inasmuch as the trademark in question belongs to the Company (as to which the individual defendants, Messrs. Temori and Rustakhis, are said to be the majority owners). Although the defaulting defendants have appeared in this action, they acknowledged at the motion hearing that they have not been cooperative in the litigation, and the record demonstrates that they have largely declined to participate in their own defense of this matter. It therefore appears that Falafel Flame will be prejudiced if the motion for default

4

1    judgment is denied, as the Company will have no other recourse for recovery against the

2    defaulting defendants.  *See Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-cv-04773-

3    EJD, 2021 WL 6052007, at *3 (N.D. Cal. Dec. 21, 2021) ("A plaintiff is prejudiced if it would be

4    without other recourse for recovery because the defendant failed to appear or defend against the

5    suit.") (internal quotations and citation omitted).  The first factor therefore weighs in favor of

6    default judgment.

7          The second and third *Eitel* factors, which concern the merits of the trademark infringement

8    claim and the sufficiency of the complaint, *see Eitel*, 782 F.2d at 1471, are undisputed.  As

9    indicated in their opposition papers, and as confirmed by defendants at the motion hearing,

10   defendants do not contest that the complaint's allegations, together with the Court's findings on

11   the motion for preliminary injunction, are sufficient to support liability on the trademark

12   infringement claim.  *See* Dkt. No. 100 at 2; *see also* Dkt. Nos. 1, 35, 104.  The second and third

13   factors therefore weigh in favor of default judgment.

14         There is no possibility of a dispute concerning material facts (fifth factor).  While

15   defendants oppose the motion for default judgment, in part, on the ground that there remain

16   disputed issues of fact, they have done absolutely nothing that would permit the Court to resolve

17   those disputed issues in this litigation.  Additionally, in view of the numerous attempts to secure

18   the defaulting defendants' compliance with the October 2022 preliminary injunction, defendants'

19   minimal efforts to defend against those enforcement efforts, and a record demonstrating that the

20   defaulting defendants do not intend to litigate this matter at all, there is no indication that their

21   default was due to excusable neglect (sixth factor).  *See, e.g.,* Dkt. Nos. 52-54, 65, 75, 77, 82, 91.

22   The fifth and sixth factors weigh in favor of default judgment.

23         Although default judgment is disfavored (factor seven), Rule 55(b) permits entry of default

24   judgment where a defendant refuses to participate in the litigation.  *See Cisco Sys., Inc.,* 2021 WL

25   6052007 at *5 ("Although public policy strongly favors deciding each case on its merits, default

26   judgment is appropriate where a defendant refuses to litigate a case and where default judgment is

27   the plaintiff's only recourse against the defendant.").  While the Court prefers to decide matters on

28   the merits, the defaulting defendants' failure to defend this litigation makes that impossible.  *See*

*United States v. Roof Guard Roofing Co., Inc.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").

When the sum of money at stake (fourth factor) is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *See Bd. of Trustees of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mechanical, Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *2-3 (N.D. Cal. June 20, 2011) (amount of damages sought were appropriate as they were "tailored to the specific misconduct" of the defendant and supported by adequate evidence provided by the plaintiffs). Under the Lanham Act, a trademark owner may, "subject to the principles of equity," recover: (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action where the plaintiff has established trademark infringement. 15 U.S.C. § 1117(a).[4] Here, Mr. Faizi's papers state that he seeks, on the Company's behalf, disgorgement of "relative profits." *See* Dkt. No. 95 at 10. At the motion hearing, Mr. Faizi clarified that by "relative profits," he means net profits (i.e., revenue less costs and expenses). *See* Dkt. No. 104. He further confirmed that (putting aside his request for attorneys' fees and costs), there is no other loss for which recovery is requested on Falafel Flame's trademark infringement claim. *See id.*

Complicating the fourth factor analysis is Mr. Faizi's acknowledgement that he has no information that would enable him to prove the amount of the defaulting defendants' net profits. *See* Dkt. No. 95 at 10. He requests that the Court enter judgment against the defaulting defendants, and order them to provide a "full accounting," after which Mr. Faizi says he will brief the specific amount sought. *Id.* The defaulting defendants assert that they have no money (and have suggested to the Court a number of times over the litigation that they have been operating at a loss). *See* Dkt. No. 100 at 3. However, defendants have never provided any evidence to support those assertions, and the Court has no basis whatsoever to credit those unsupported assertions. In

---

[4] Additionally, in "exceptional cases," courts "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Court addresses the request for attorneys' fees below.

any event, in their opposition papers, defendants appear to agree that there may be a remedy that is appropriate and proportional to redress the conduct alleged in this case.  *See* Dkt. No. 100 at 3.  Therefore, the Court concludes that the fourth factor weighs in favor of default judgment.

Accordingly, the Court finds that Falafel Flame is entitled to default judgment regarding liability on the claim for trademark infringement under the Lanham Act.  However, for the reasons discussed below, the Court denies without prejudice the relief requested.

### D. Requested Relief

"To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."  *Bd. of Tr. of the Laborers Health & Welfare Tr. Fund for N. Cal. v. A & B. Bldg. Maint. Co. Inc.*, No. C 13-00731 WHA, 2013 WL 5693728, at *4 (N.D. Cal. Oct. 17, 2013).  Mr. Faizi seeks, on Falafel Flame's behalf, three types of relief:  (1) an accounting and disgorgement of the defaulting defendants' net profits; (2) a permanent injunction; and (3) an award of the Company's reasonable attorneys' fees and costs.  Dkt. No. 95 at 13.  As discussed at the motion hearing, and as explained below, the record presented is insufficient for the Court to grant the relief requested.

As discussed above, Mr. Faizi seeks an accounting so that he can determine the defaulting defendants' net profits, for the purpose of obtaining disgorgement of such profits on Falafel Flame's behalf.  Mr. Faizi acknowledges that "an accounting of profits is not automatic and must be granted in light of equitable considerations."  *See Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016) (en banc)); *see also Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 131 (1947) (rejecting "proposition that an accounting will be ordered merely because there has been an infringement.").  Defendants maintain that the appropriate measure of damages is the $1,000 monthly licensing fee for use of the Company's trademark, and Mr. Faizi has not satisfactorily explained why an accounting to determine the defaulting defendants' net profits is appropriate under the equities presented in this case.  Indeed, Mr. Faizi previously averred that Falafel Flame "does not operate or own a restaurant location" and "was designed to be the parent holding company, which would grant intellectual property licenses to

7

individual FALAFEL FLAME® locations[.]" Dkt. No. 26-1 ¶¶ 4-5.

Even if the Court were to grant the request for an accounting, it is not at all clear exactly what Mr. Faizi is asking the Court to order, what the requested accounting would entail, what specific information is sought, or how Mr. Faizi proposes the accounting should be carried out. At the motion hearing, Mr. Faizi's counsel discussed, at a high level of generality, that he envisions having a neutral third-party auditor (i.e., a certified public accountant or other similarly qualified person) access the defaulting defendants' financial records, including monthly point-of-sale ("POS") records and tax-related records for the years 2021, 2022, and 2023. None of this is addressed in Mr. Faizi's motion papers; nor has Mr. Faizi provided any proposals regarding how such an accounting is to be accomplished, including how an auditor is to be selected, who should bear the associated costs, and a suggested timetable.

With respect to the requested permanent injunction, Mr. Faizi's motion papers do not specify the terms of any such injunction. *See* Dkt. No. 95. At the motion hearing, Mr. Faizi clarified that he seeks to have the terms of the preliminary injunction converted to a permanent injunction. *See* Dkt. No. 104. However, muddling the record, Mr. Faizi also stated for the first time at the motion hearing that an injunction is sought only as a "secondary remedy," with financial compensation being the "primary remedy," and that it may be appropriate to order monetary relief based on Falafel Flame's monthly $1,000 licensing fee in lieu of the equitable remedies of an accounting and an injunction. *See id*. Mr. Faizi should be clear about whether or not he seeks injunctive relief, and if so, the specific terms of any requested injunction.

With respect to Mr. Faizi's request for the Company's attorneys' fees, such a request should be made by separate motion in compliance with Civil Local Rule 54-5. The motion should address the current standard for determining what constitutes an "exceptional case" justifying a fee award under the Lanham Act. *See Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1223 n.13 (9th Cir. 2023) (quoting *SunEarth, Inc.*, 839 F.3d at 1180-81); *see also SunEarth, Inc.*, 839 F.3d at 1181 (holding that Supreme Court's interpretation of Patent Act's fee-shifting provision applies to the Lanham Act) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). In addition, the motion should include the support

1  necessary for the Court to evaluate the reasonableness of whatever fees or costs Mr. Faizi seeks on
2  the Company's behalf.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v.
3  Bridgeport Fin., Inc.* , 523 F.3d 973, 980-81 (9th Cir. 2008); *Chalmers v. City of Los Angeles*, 796
4  F.2d 1205, 1210 (9th Cir. 1986).

In sum, the record presented is insufficient to permit the Court to determine what remedies Mr. Faizi seeks on Falafel Flame's behalf or the basis for such relief.  The motion for default judgment therefore is denied without prejudice with respect to the requested relief.  To the extent Mr. Faizi chooses to submit a renewed motion for default judgment on Falafel Flame's behalf, he need not address matters concerning liability.  However, any such motion must address the deficiencies discussed above with respect to the relief that is requested on behalf of the Company.

## IV.   CONCLUSION

Based on the foregoing, the Court grants in part and denies in part the motion for default judgment brought on Falafel Flame's behalf against defendants Falafel Flame Hayward, Falafel Flame Sunnyvale, Falafel Flame San Jose with respect to the Lanham Act claim for trademark infringement (claim 1).

If Mr. Faizi seeks relief on behalf of Falafel Flame with respect claim 1, he shall file a further motion directed to that issue no later than **May 14, 2024**.  At the January 18, 2024 motion hearing, Mr. Faizi indicated that he is not likely to try all claims against all defendants currently included in the complaint.  The Court sets a further case management conference for **May 7, 2024, 1:30 p.m.** via Zoom.[5]  The parties' updated joint case management statement is due by **April 30, 2024**.  In that updated case management statement, Mr. Faizi shall report on what claims he intends to try and against which defendants.

**IT IS SO ORDERED.**

Dated: March 21, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[5] The Court will separately post Zoom registration information in advance of the May 7, 2024 conference.