UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAKTASH TEMORI, et al., <br><br> Defendants. | Case No. 22-cv-04224-VKD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS** <br><br> Re: Dkt. No. 85 |

Based on the discussion held at a prior hearing, and although the fact discovery cutoff had already passed, it appeared that there was a possibility for completing some discovery based upon an agreement of the parties. Accordingly, the Court permitted Mr. Faizi to proceed with the depositions of Mr. Temori or Mr. Rustakhis (or both) by October 6, 2023. Dkt. No. 77 at 7.

Pursuant to the parties' agreement, Mr. Faizi noticed Mr. Temori's deposition to occur on September 29, 2023 via Zoom. Dkt. No. 85-1 ¶¶ 4-5. The parties subsequently agreed to continue the deposition to October 2, 2023. *Id*. ¶ 6. On October 2, 2023, Mr. Faizi's counsel appeared for the deposition, along with a court reporter he engaged to transcribe the proceedings. *Id*. ¶¶ 7, 8, 10. Mr. Temori's counsel was also present for the deposition. *Id*. ¶ 9. However, he advised that about an hour before the deposition was scheduled to begin, he received a text message from Mr. Temori stating that Mr. Temori was not able to go to defense counsel's office for the deposition due to an "emergency." *See* Dkt. No. 85-1 ¶ 12; Dkt. No. 93 ¶ 11; *see also* Dkt. No. 85, Ex. A at

2:20-25.¹  Defense counsel stated that he had not spoken with Mr. Temori directly on the phone, and that all he knew was that Mr. Temori was not present.  *Id*. at 2:25-3:2.  Mr. Temori's deposition did not proceed that day.  While Mr. Faizi says that defendants did not follow up to reschedule the deposition, he does not deny that he also made no effort to reschedule Mr. Temori's deposition.  *See* Dkt. No. 85-1 ¶ 15; Dkt. No. 93 ¶ 11.

Mr. Faizi moves pursuant to Rule 37 for sanctions based on Mr. Temori's failure to appear at his deposition.  The requested sanctions include an order (1) precluding defendants from presenting any evidence in their favor, (2) striking defendants' pleadings and entering default judgment against them, and (3) requiring defendants to reimburse the fees and costs Mr. Faizi's counsel incurred to prepare for and attend the deposition and to prepare the present motion for sanctions.  Dkt. No. 85.  Defendants oppose the motion.  Dkt. No. 93.  In his reply brief, Mr. Faizi clarifies that his motion concerns only Mr. Temori and his failure to appear for the October 2, 2023 deposition.  Dkt. No. 94.  The matter is deemed suitable for determination without oral argument.  *See* Civil L.R. 7-1(b).  Upon consideration of the moving and responding papers, the Court grants in part and denies in part Mr. Faizi's motion for discovery sanctions.

Rule 37(d) permits an award of sanctions, including payment of expenses, against a party who fails to appear for his own deposition after receiving proper notice.  Fed. R. Civ. P. 37(d)(1)(A)(i).  Courts may impose any of the sanctions authorized under Rule 37(b)(2)(A)(i)-(vi).  "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

Mr. Faizi's requested sanctions of evidence preclusion, striking pleadings, and default judgment are not warranted.  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (sanction of dismissal, even for a party's repeated failure to appear for deposition, require "that a

---

¹ Although Mr. Faizi's counsel does not authenticate the transcript appended to Mr. Faizi's motion and reply brief, no one disputes that it is an accurate transcription of the October 2, 2023 proceedings.

2

party's behavior in ignoring the depositions demonstrated willfulness, bad faith, or fault."). Although Mr. Faizi believes that Mr. Temori falsely claimed that an "emergency" prevented him from appearing, on this record the Court cannot clearly find that Mr. Temori's stated inability to attend the October 2, 2023 deposition was due to willfulness, bad faith, or fault.

The Court also finds no just basis to grant Mr. Faizi's request for his attorney's fees. The motion does not "itemize with particularity" the amount of fees sought. *See* Civil L.R. 37-4(b)(3). In any event, the record presented indicates that no one made any effort to reschedule Mr. Temori's deposition after he failed to appear on October 2, 2023. *See* Dkt. No. 85-1 ¶ 15; Dkt. No. 93 ¶ 11. Additionally, Mr. Faizi's motion does not include declarations describing in detail the efforts he made (if any) to obtain compliance without the need for a motion or Court intervention. *See* Civil L.R. 37-4(b)(2).

With respect to expenses, Mr. Faizi's counsel avers that "[t]he total cost of the deposition reporting service was $750.00." Dkt. No. 85-1 ¶ 16. As there is no indication that Mr. Temori's failure to appear for his deposition was substantially justified, the Court agrees he should reimburse Mr. Faizi's counsel $750.00 for the court reporter costs.

Based on the foregoing, Mr. Faizi's motion for Rule 37 sanctions is granted only insofar as Mr. Temori shall reimburse Mr. Faizi's counsel $750.00 for the costs actually incurred for the deposition. Mr. Faizi's motion for sanctions is otherwise denied.

**IT IS SO ORDERED.**

Dated: April 24, 2024

Virginia K. DeMarchi
United States Magistrate Judge

3