UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAKTASH TEMORI, et al., <br><br> Defendants. | Case No.  22-cv-04224-VKD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 113 |

## I. BACKGROUND

Mr. Faizi previously moved for default judgment, on behalf of Falafel Flame, Inc. ("Falafel Flame" or "Company"), against defendants Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose.  *See* Dkt. No. 95.  The motion concerned only the complaint's first claim for relief for trademark infringement under the Lanham Act.  *Id*.  On March 21, 2024, the Court granted the motion in part and denied it in part.  Dkt. No. 107.  The Court found that Falafel Flame is entitled to default judgment regarding liability on the Lanham Act claim for trademark infringement.  *Id*. at 4-7.  However, the requested remedies were not sufficiently supported by the record.  Accordingly, the Court denied that portion of the motion, without prejudice to Mr. Faizi to submit a renewed motion that "address[es] the deficiencies discussed [in the Court's order] with respect to the relief that is requested on behalf of the Company."  *Id*. at 9.

Mr. Faizi has filed a renewed motion for default judgment, seeking modified remedies on Falafel Flame's behalf.  Dkt. No. 113.  Defendants oppose the motion.  Dkt. No. 115.  The matter is deemed suitable for determination without further oral argument.  Civil L.R. 7-1(b).  Upon

consideration of the moving and responding papers,[1] the Court grants the renewed motion for default judgment in part and denies it in part.

## II.   DISCUSSION

Under the Lanham Act, when a trademark owner establishes a violation of any registered mark, the owner may, "subject to the principles of equity," recover: (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.  15 U.S.C. § 1117(a). Section 1117 of the Lanham Act "confers a wide scope of discretion upon the district [court] in fashioning a remedy for a violation of the Act."  *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 121 (9th Cir. 1968).  This discretion must be exercised subject to the principles of equity.  *Id.*; 15 U.S.C. § 1117(a).

In the renewed motion for default judgment, Mr. Faizi confirms that he no longer seeks a permanent injunction, an accounting and disgorgement of profits, attorneys' fees, or costs.[2]  Dkt. No. 113 at 2.  Instead, Mr. Faizi (on Falafel Flame's behalf) seeks an order requiring Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose to "pay $1000.00, plus interest, for each month of operation under the FALAFEL FLAME® trademark."[3]  *Id*.  The $1,000 monthly payment is based on the monthly license fee Falafel Flame would have charged for the use of its FALAFEL FLAME® trademark and recipes.  *See* Dkt. No. 1 ¶ 33 & Ex. B.  Mr. Faizi requests both prejudgment interest and post-judgment interest, apparently based on the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, as of May 10, 2024.  Dkt. No. 113 at 3.

With respect to Falafel Flame Hayward, Mr. Faizi requests that the period for payment should begin on February 23, 2021 (the day Falafel Flame Hayward was incorporated) "until the

---

[1] Mr. Faizi did not file a reply brief.

[2] As the present motion no longer seeks disgorgement of profits, defendants' argument that Mr. Faizi has no evidence establishing the profits of the defendants in question (*see* Dkt. No. 115 at 1) is immaterial.

[3] The Company's registered service mark, covering restaurant services, "consists of a stylized drawing of flames in orange and black, in an orange circle, above the words 'Falafel Flame' in orange letters with yellow outlining, all against a black background."  Dkt. No. 1, Ex. D.

ce[ssation of] use of the FALAFEL FLAME® trademark at the Hayward location." Dkt. No. 113 at 2; *see also* Dkt. No. 113-1 ¶ 7 & Ex. D.  With respect to Falafel Flame Sunnyvale and Falafel Flame San Jose, Mr. Faizi says that neither entity registered with the California Secretary of State. He therefore requests that the payment periods for Falafel Flame Sunnyvale and Falafel Flame San Jose begin on March 31, 2021 (the date Mr. Faizi says he discovered the existence of those restaurants) "until the ce[ssation of] use of the FALAFEL FLAME® trademark at the respective locations." *Id.*; *see also* Dkt. No. 1 ¶ 35.  According to Mr. Faizi's calculations, as of May 14, 2024, Falafel Flame Hayward owes the Company $41,331.81, Falafel Flame Sunnyvale owes the Company $39,438.75, and Falafel Flame San Jose owes the Company $39,438.75—for a total of $120,209.30.  *See* Dkt. No. 113-1 ¶ 3 & Ex. A; *see also* Dkt. No. 113 at 3-4.

Under the circumstances presented, Falafel Flame's $1,000 license fee is an appropriate measure of the Company's claimed actual damages for the unauthorized use of its FALAFEL FLAME® service mark.  As noted in the Court's March 21, 2024 order, Mr. Faizi previously averred that Falafel Flame "does not operate or own a restaurant location" and "was designed to be the parent holding company, which would grant intellectual property licenses to individual FALAFEL FLAME® locations[.]" Dkt. No. 107 at 7-8 (quoting Dkt. No. 26-1 ¶¶ 4-5). Throughout this litigation, including in their response to the original motion for default judgment, defendants themselves have maintained that the Company's $1,000 monthly license fee is "how any damages in this case should be measured." Dkt. No. 100 at 3; *see also* Dkt. No. 50 at 3 (the $1,000 license fee is "a fair amount, as determined by [the Company]'s own actions, to compensate [the Company] for any unauthorized use of its trademark.").  Additionally, to make Falafel Flame whole, the Court finds reasonable Mr. Faizi's proposal for the relevant payment periods to run from (1) February 23, 2021 for Falafel Flame Hayward, (2) March 31, 2021 for Falafel Flame Sunnyvale, and (3) March 31, 2021 for Falafel Flame San Jose, through the date these defendants cease using the Company's FALAFEL FLAME® mark.

There is no dispute that Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel

3

Flame San Jose have changed their name to "Falafel Flare."[4]  It is unclear exactly when this name change occurred, although the parties reported at the May 7, 2024 further case management conference that the name change was a recent development.  *See* Dkt. No. 111.  In any event, the Lanham Act claim is based on more than just the use of the "Falafel Flame" name and includes the unauthorized use of the Company's registered mark.  *See* Dkt. No. 1 ¶¶ 69-73.  Defendants do not refute Mr. Faizi's evidence that the Company's registered service mark(s) continue to be displayed and used on the websites and on other materials for each of these entities.  *See* Dkt. No. 113-1 ¶¶ 4-6 & Exs. B, C.

Defendants vaguely allude to "defunct entity defendants" that "are now closed and have no money," and maintain that the individual defendants Messrs. Temori and Rustakhis have no money to pay any judgment.  Dkt. No. 115 at 2.  Although they had ample opportunity to do so, defendants submitted no evidence with their opposition to support those assertions.  Indeed, as noted in the Court's March 21, 2024 order, defendants have repeatedly made such assertions in this litigation, without submitting any evidence that would provide a basis to credit those assertions.  *See* Dkt. No. 107 (citing Dkt. No. 100 at 3).  While Messrs. Temori and Rustakhis argue that default judgment is not warranted because they say that they are the majority owners of Falafel Flame, they have not submitted evidence to support that assertion either.  In any event, Mr. Faizi filed the present motion, not for himself personally, but on behalf of the Company.  Defendants have not persuasively demonstrated that the respective ownership interests of Messrs. Temori and Rustakhis should preclude default judgment.

However, the Court denies Mr. Faizi's request for prejudgment interest, as he has offered no argument or authority demonstrating that such an award is fair or necessary to make the Company whole, much less justifying such an award running from periods preceding the filing of this lawsuit.  *See Fitness Anywhere LLC v. WOSS Enters., LLC*, No. 14-cv-01725-BLF, 2018 WL

---

[4] It is unclear whether these defendants have merely changed their names or whether the "Falafel Flare" entities are different entities, and if so, whether the "Falafel Flare" entities are the successors in interest to these defendants.  Although Mr. Faizi asks for "the Court's advice on whether to add" the "Falafel Flare" entities to this litigation (Dkt. No. 113 at 3), it is not the Court's role to provide such advice to Mr. Faizi or any party.

6069511, at *7 (N.D. Cal. Nov. 20, 2018) (award of prejudgment interest "in a case under federal law is left to the sound discretion of the trial court."). *But see Am. Honda Motor Co., Inc. v. Two Wheel Corp.*, 918 F.2d 1060, 1064 (2d Cir. 1990) (award of prejudgment interest "is normally reserved for 'exceptional' cases.").

Post-judgment interest is mandated by 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) ("Under the provisions of 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory."). However, post-judgment interest is calculated, not from May 14, 2024 as proposed by Mr. Faizi, but "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). In cases such as the present litigation, involving multiple claims and parties, the Court generally does not enter final judgment until all claims, rights, and liabilities of all parties are adjudicated. *See* Fed. R. Civ. P. 54(b). Mr. Faizi shall clarify whether he seeks entry of partial judgment under Rule 54(b) as to Falafel Flame Hayward, Falafel Flame Sunnyvale, and Falafel Flame San Jose. If he does, he must file an appropriate motion for such relief and must provide a proposed form of judgment that specifies the relief sought, consistent with this order.

### III. CONCLUSION

Based on the foregoing, Mr. Faizi's renewed motion for default judgment, seeking modified remedies on behalf of Falafel Flame, is granted in part and denied in part as follows:

1. Falafel Flame is awarded damages based on the Company's $1,000 monthly license fee. For Falafel Flame Hayward, the payment period runs from February 23, 2021 through the date that defendant ceases using the Company's FALAFEL FLAME® mark. For Falafel Flame Sunnyvale, the payment period runs from March 31, 2021 through the date that defendant ceases using the Company's FALAFEL FLAME® mark. For Falafel Flame San Jose, the payment period runs from March 31, 2021 through the date that defendant ceases using the Company's FALAFEL FLAME® mark. As of the date of this order—based on Mr. Faizi's calculations regarding each

defendant's months of use of the FALAFEL FLAME® mark (*see* Dkt. No. 111-1 ¶ 3 & Ex. A), and absent evidence that defendants have ceased using that mark—Falafel Flame Hayward owes total damages of $40,800; Falafel Flame Sunnyvale owes total damages of $39,000; and Falafel Flame San Jose owes total damages of $39,000.

  2. The motion for prejudgment interest is denied.

  3. Post-judgment interest shall be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment.

**IT IS SO ORDERED.**

Dated: July 1, 2024

*[signature]*
Virginia K. DeMarchi
United States Magistrate Judge