United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC.,

Plaintiff,

v.

BAKTASH TEMORI, et al.,

Defendants.

Case No. 22-cv-04224-VKD

**ORDER GRANTING PLAINTIFF'S REQUEST FOR FEES AND COSTS**

Re: Dkt. No. 70

Mr. Faizi, on behalf of Falafel Flame, Inc. ("Falafel Flame"), previously filed a second motion for an order of contempt regarding defendants Baktash Temori, Masoud Rustakhis, Falafel Flame Hayward, Falafel Flame Sunnyvale, Falafel Flame San Jose, and Falafel Flame Upland. Dkt. No. 70. That motion focused on orders based on the Lanham Act claim (claim 1), which Mr. Faizi asserted derivatively on behalf of Falafel Flame. *Id.* Mr. Faizi requested, among other things, an award of attorneys' fees incurred in bringing the second motion re contempt "in an amount according to proof." *See* Dkt. No. 70-1 at 12, 14; Dkt. No. 70-3 at 1.

In its order on that second motion for an order of contempt, the Court found that Mr. Faizi "established that defendants have not complied with the Court's orders, their noncompliance is more than a technical or de minimis violation, and defendants' conduct is not based on a good faith and reasonable interpretation of the orders." Dkt. No. 77 at 5. Further, the Court found that "[d]efendants have not met their burden to demonstrate that they were unable to comply." *Id.* While the Court did not order all of the relief proposed by Mr. Faizi, the Court expressly deferred ruling on the fees request. *Id.* at 9. In an August 9, 2024 report regarding entry of judgment (Dkt.

No. 123), Mr. Faizi now seeks a ruling regarding the prior request for fees.[1]

"An award of attorney's fees for civil contempt is within the discretion of the district court." *Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994). As Mr. Faizi, on behalf of Falafel Flame, was successful in establishing a basis for a contempt order (Dkt. No. 77), the Court finds that Falafel Flame may recover reasonable attorneys' fees and costs incurred in connection with the second motion for contempt. *See, e.g.*, *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, No. C11-4991 CW, 2013 WL 4516835, at *3 (N.D. Cal. Aug. 23, 2013) (allowing award of reasonable attorney's fees and costs that plaintiffs incurred in bringing motion for contempt); *Stanley Black & Decker, Inc. v. D & L Elite Investments, LLC*, No. 12-4516-SC, 2013 WL 3799583, at *4 (N.D. Cal. July 19, 2013) ("Attorney fees are recoverable to compensate a party for the costs and expenses incurred in connection with a successful motion for contempt.") (citing *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042-43 (9th Cir. 2008)). Briefing on the requested fees shall proceed as set forth below.

1. By **August 29, 2024**, Mr. Faizi's counsel shall submit an application to the Court documenting counsel's reasonable attorneys' fees and costs incurred in connection with the second motion for contempt, including any declarations, timesheets or other documentation necessary to enable defendants and the Court to assess the reasonableness of the requested hourly rates and work performed.

2. By **September 5, 2024**, defendants shall file a response, which shall address only the amount of the fees and costs requested.

[1] To the extent Mr. Faizi's August 9, 2024 report suggests that he seeks judgment based on sums the Court ordered Messrs. Temori and Rustakhis to pay to the Clerk of Court (*see* Dkt. No. 77 at 9; Dkt. No. 82 at 2; Dkt. No. 123 at 2), Mr. Faizi's request is denied. The purpose of those sums was to resolve defendants' then ongoing noncompliance with prior orders based on the Lanham Act claim. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-304 (1947) ("Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."). The parties subsequently stipulated to the dismissal of that claim as to all defendants, other than those as to whom default judgment has been entered. *See* Dkt. Nos. 118, 121; *see also* Dkt. No. 125. In any event, Mr. Faizi has not demonstrated how he or Falafel Flame would be entitled to a judgment based on sums that were payable to the Clerk of the Court.

United States District Court
Northern District of California

3. Mr. Faizi's reply shall be filed by **September 12, 2024**.

4. As an alternative to briefing the amount of fees and costs, the parties may stipulate to an amount and may file that stipulation with the Court.

5. Unless otherwise ordered, the matter of the requested fees and costs will be deemed submitted on the papers without further oral argument.

6. As the Court has otherwise entered judgment in this matter (Dkt. No. 125), the Clerk of Court is directed to close the file.[2]

**IT IS SO ORDERED.**

Dated: August 15, 2024

Virginia K. DeMarchi
United States Magistrate Judge

[2] The closure of this matter will not prevent the parties from briefing the requested fees and costs as ordered above. The Court will amend its August 14, 2024 judgment, as may be appropriate, to include fees and costs, if any, that are awarded to Falafel Flame.