UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AHMAD MUKHTAR FAIZI, an individual and derivatively on behalf of FALAFEL FLAME, INC.,

Plaintiff,

v.

BAKTASH TEMORI, et al.,

Defendants.

Case No. 22-cv-04224-VKD

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR FEES**

Re: Dkt. No. 127

## I.  BACKGROUND

The Court previously deferred a ruling on Mr. Faizi's request for attorneys' fees in connection with a July 5, 2023 second motion for contempt that Mr. Faizi filed on Falafel Flame's behalf. Dkt. No. 77; *see also* Dkt. No. 70. On August 15, 2024, the Court issued an order finding that "Falafel Flame may recover reasonable attorneys' fees and costs incurred" in connection with that second motion for contempt. *See* Dkt. No. 126 at 2. Additionally, the Court set a briefing schedule and noted that it would "amend its August 14, 2024 judgment, as may be appropriate, to include fees and costs, if any, that are awarded to Falafel Flame." *Id*. at 3 n.2.

Plaintiff's counsel timely submitted their application, seeking $2,150.00 in fees for work performed by the Emran Law Firm, and $2,950.00 in fees for work performed by the Law Office of Kenneth Seligson. Dkt. No. 127 at 2. The present motion does not seek any costs. *See id*. Although they were given an opportunity to respond, defendants have not filed any opposition or other response. Briefing is closed, and the matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b); *see also* Dkt. No. 126 at 3. Upon consideration of the papers

1  presented, the Court grants the motion for attorneys' fees.

2  **II.    DISCUSSION**

3      **A.    Legal Standard**

4      Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.*

    **B.    Reasonable Hourly Rate**

    "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum*, 465 U.S. at 896 n.11. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990).

    The present application seeks fees based on a discounted $250 hourly rate for Mr. Emran and for Mr. Seligson. Mr. Seligson states that his "practice involves litigating business disputes among shareholders and businesses," and that his customary hourly rate for such cases is $420. Dkt. No. 127-1 ¶ 3. Mr. Emran states that his practice involves "litigation, specifically business and intellectual property matters," and that his customary hourly rate for such matters is $450. Dkt. No. 127-2 ¶ 2. Mr. Seligson says that he was admitted to the California bar in June 2019, and

1   Mr. Emran says that he was admitted to the California bar in December 2019.  Dkt. No. 127-1 ¶ 2;
2   Dkt. No. 127-2 ¶ 2.  In an order on a prior fees motion, the Court concluded that a $250 hourly
3   rate for Messrs. Seligson and Emran is reasonable, in view of decisions by other courts in this
4   district indicating that such a rate is within the range of those prevailing in the community for
5   similar services by lawyers of reasonably comparable skill, experience and reputation.  *See* Dkt.
6   No. 65 at 3 (citing *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, No. 20-cv-03507-DMR,
7   2021 WL 4597080, at *8 (N.D. Cal. June 22, 2021) (observing that "[c]ourts in the Northern
8   District of California generally have determined that rates ranging from $225 to $600 are
9   reasonable in an intellectual property case.") (internal quotations and citations omitted), *report and*
10  *recommendation adopted*, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021); *Simon v. Maple Beach*
11  *Ventures LLC*, No. 21-cv-01005-PJH, 2021 WL 1907821, at * (N.D. Cal. May 12, 2021) (in
12  business dispute, awarding fees at $300 hourly rate for attorney with three years of experience).

13  Mr. Seligson also seeks fees based on work performed by Richard Jordan, who is
14  identified as "a post bar law clerk, who bills at a rate of $250/hour."  Dkt. No. 127-1 ¶ 5.  Mr.
15  Seligson provides no other information supporting the reasonableness of Mr. Jordan's $250 hourly
16  rate, which seems high for rates charged in similar cases.  *See, e.g., CNC Software, LLC v. Global*
17  *Eng'g Ltd. Liability Co.*, No. 22-cv-02488-EMC, 2023 WL 3409463, at *9 (N.D. Cal. May 12,
18  2023) (in copyright dispute, finding $195 hourly rate for law clerks reasonable).  However, as
19  defendants have stated no objection, the Court accepts the hourly billing rate for Mr. Jordan.

20  Mr. Emran also seeks fees based on work performed by Shivanjali Naicker, who is
21  identified as paralegal, formerly with Mr. Emran's firm, whose hourly rate was $185.  Dkt. No.
22  127-2 ¶ 3.  Although Mr. Emran did not provide any further support for the reasonableness of Ms.
23  Naicker's hourly rate, decisions by other courts in this district suggest that a $185 hourly rate is
24  within the range of those prevailing in the community for paralegal services in similar cases.  *See,*
25  *e.g., CNC Software, LLC*, 2023 WL 3409463, at *9 (approving $195 hourly rate for paralegals);
26  *Stockfood Am., Inc.,* 2021 WL 4597080 at *8 (approving $200 hourly rate for paralegals); *Simon*,
27  2021 WL 1907821 at *6 (reducing hourly rate for paralegal with eight years experience to
28  $273.33).

### C. Reasonable Hours

The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. at 433. A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id*. at 433-34; *see also Chalmers*, 796 F.2d at 1210 ("Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").

The Court has reviewed the respective timesheets submitted by Messrs. Emran and Seligson, and finds that their claimed hours are reasonable. *See* Dkt. No. 127-1, Ex. A; Dkt. No. 127-2, Ex. A. Accordingly, the Court grants Mr. Seligson's requested fees in the amount of $2,950.00 and Mr. Emran's requested fees in the amount of $2,150.00.

### III. CONCLUSION

Based on the foregoing, the Court awards plaintiff Falafel Flame a total of $5,100.00 in connection with the July 5, 2023 second motion for contempt. The Clerk of Court shall enter an amended judgment accordingly.

**IT IS SO ORDERED.**

Dated: November 25, 2024

Virginia K. DeMarchi
United States Magistrate Judge